# Harris *v.* Alabama Great Southern Railway Co.

## *Action for Damages for Personal Injuries.*

(Decided Feb. 17, 1906.  40 So. Rep. 267.)

1. *Venue; Statutes; Retroactive Operation.*—The act relating to venue of actions for personal injury, approved March 5th, 1903. (Acts 1903, p. 182), is not retroactive, and has no application to suits commenced before its passage.
2. *Courts; Jurisdiction; City Court of Bessemer.*—The act creating the City Court of Bessemer (Acts 1900-01 p. 1854) and giving that court jurisdiction of personal actions in causes which arise in certain designated territory, whether the parties, reside therein or not, does not limit the jurisdiction to causes arising therein; and either party residing in such territory may bring his action there.

APPEAL from Jefferson Circuit Court.
Heard before Hon. A. A. COLEMAN.

PINKNEY SCOTT and BOWMAN, HARSH & BEDDOW, for appellant.  (No brief came to the Reporter.)

A. G. SMITH, for appellee.—(No brief came to the hands of the Reporter.)

DENSON, J.—This action was commenced by the plaintiff, Handy Harris, against the defendant, Ala-

[Harris v. Alabama Great Southern Railway Co.]

báma Great Southern Railroad Company, a corporation, on the 10th day of February, 1903, in the city court of Bessemer, to recover damages for personal injuries alleged to have been done to plaintiff by defendant through the negligence of its servants while operating one of the defendant's trains on its railroad over a public road crossing near Tuscaloosa, Ala. Within the time prescribed by law after the service of the summons, the defendant appeared and filed a plea to the jurisdiction of the court, in which it was averred, in substance, that the cause of action accrued to the plaintiff out of the jurisdiction of the court; that is to say, in the county of Tuscaloosa, Ala., and not within the territorial jurisdiction in the county of Jefferson over which the city court of Bessemer has jurisdiction, as provided in the act creating said court.

On the 26th day of September, 1903, an act passed by the Legislature (Acts 1903, p. 369), authorizing the removal of causes pending in the city court of Bessemer to the circuit court of Jefferson county was approved by the governor. On the 28th day of September, 1903, and before the plea to the jurisdiction was determined, the defendant filed an application in the city court of Besse-mer praying that the cause between Handy Harris and defendant be removed to the circuit court of Jefferson county. In the application it was alleged by defendant that the circuit court had jurisdiction of the cause. On February 28, 1904, the city court passed on the application for the removal of the cause, and made an order that the cause be removed into the circuit court of Jefferson county. The defendant appeared in the circuit court on the 11th day of April, 1905, and, after leave had been granted the plaintiff to amend his complaint, over the objection of the defendant, the defendant was allowed to refile its plea to the jurisdiction of the court, which was filed in the Bessemer city court. Plaintiff moved to strike the plea to the jurisdiction, and, the motion being overruled, a demurrer was interposed to it, which was likewise overruled. Thereupon the cause was tried upon issue joined on the plea to the jurisdic-

tion on an agreed statement of facts, and the court gave the affirmative charge in favor of the defendant.

Suit was commenced prior to the passage of the statute, which was approved March 5, 1903, (Acts 1903, p. 182), and which provides that actions for personal injuries must be brought in the county where the injury occurred, or in the county where the plaintiff resides; hence that statute has no application here. By the act creating the city court of Bessemer approved February 28, 1901 (Acts 1900-1, p. 1854), the same jurisdiction possessed by the circuit and chancery courts is conferred on said court to be exercised concurrently with said court, for and in certain territory in Jefferson county particularly defined in said act. That part of the act limiting the jurisdiction is in this language: "That the jurisdiction of said court shall be limited to and extend over that part of the territory of said county included within the following precincts of said county, as said precincts are now constituted, to wit: Williams' precinct, No. 1; Jonesboro precinct, No. 2; Parson's precinct, No. 3; Aaron's precinct, No. 4; Short Creek precinct, No. 24; Toadvine precinct, No. 27; Bessemer precinct, No. 33; Guin's precinct, No. 35; Huey's precinct, No. 40; Parkwood precinct, No. 41; and all that part of Bethlehem precinct, No. 7, lying south of township 17, range 3 west, except sections 1, 2, 11, and 12 in township 18, range 4 west; and of personal actions, the causes of which arise within said designated limits, whether the parties reside therein or not." The act creating the city court of Anniston approved February 25, 1889, contains this language: "That the jurisdiction of said court shall be limited to and extend over that part of the territory of said county included within the following precincts of said county of Calhoun as now organized, to wit: Anniston precinct, No. 15; Oxford precinct, No. 13; Dearmonville precinct, No. 17; and Maddox's precinct, No. 4; and to causes of action arising within said designated limits, whether the parties reside therein or not." Acts 1888-9, p. 564.

With respect to jurisdiction over personal actions

[Harris v. Alabama Great Southern Railway Co.]

arising within the territory designated, the two acts are identical in meaning, if not indentical in verbiage. The Anniston city court act, with respect to the jurisdiction of that court in a personal injury case in which the injury occurred in the county of Jefferson, was construed in the case of *Smith v. State*, 103 Ala. 57, 15 South. 866. John Smith sued the Richmond & Danville Railroad Company, a foreign corporation doing business in Alabama, in the city court of Anniston, on account of a personal injury received by the plaintiff in Jefferson county, Ala., through the negligence of the railroad's servants. On the trial of the cause in the city court Sam Smith was a witness, and he was indicted in the city court of Anniston for perjury alleged to have been committed on the trial of that suit. To the indictment he pleaded that the cause of action, on the trial of which he was averred to have sworn falsely, was not within the jurisdiction of the city court of Anniston. The plea on motion of the State was stricken from the file. The court said: "The act establishing the city court of Anniston confers jurisdiction upon causes of action 'arising within said designated limits whether the parties reside therein or not'; but this provision does not limit, and was not intended to limit, the jurisdiction of the court to causes of action only arising within the designated limits. It has jurisdiction over all persons residing within the designated limits, without regard to where the cause of action arose, and, in addition thereto, to causes of action arising within the limit, whether the person resides therein or not, provided, of course, that he resides in the county of Calhoun. This is evident from reading the statute. The evidence showed without conflict that the Richmond & Danville Railroad Company was running its train within the designated limits, and was doing business therein."—Code 1886, § 2642 (Code 1896, § 4207); *Sullivan v. Sullivan Co.*, 103 Ala. 371, 15 South. 941, 25 L. R. A. 543. It was held the plea was not a good one.

So, in the case on hand, the agreed statement of facts showed that the defendant was a domestic corporation

operating a railroad and a train thereon between Besse-
mer in Jefferson county and Tuscaloosa in Tusca-
loosa county; that the defendant's principal place of
business and headquarters were in Birmingham in Jef-
ferson, county, but that the defendant was at the time
the injury occurred, and at the time of the trial, doing
business by its agent in the territorial jurisdiction of
the city court of Bessemer, and maintained an office
in Bessemer. Plaintiff resided in Tuscaloosa.

We fail to find anything in the case at bar to distin-
guish it from the *Smith Case, supra.* If the construction
placed upon the Anniston statute in that case is correct,
and we have no doubt that it is, the action under the
statute (Code 1896, § 4207) was properly brought in the
city court of Bessemer.

We are brought to the conclusion that the court erred
in giving the affirmative charge for the defendant. Such
a charge might very properly have been given at the
request of the plaintiff.

This renders it unnecessary to consider the other con-
tentions of the appellant with respect of the plea. For
the error pointed out the judgment of the court is re-
versed, and the cause remanded.

Reversed and remanded.

HARALSON, DOWDELL, SIMPSON, and ANDERSON, JJ.,
concur.