**Fenelon BOESCHE, Administrator of the Estate of F. W. C. Boesche, deceased, Appellant,**

v.

**Stewart L. UDALL, Secretary of the Interior, Appellee.**

**No. 16238.**

United States Court of Appeals District of Columbia Circuit.

Argued May 16, 1961.

Decided Nov. 16, 1961.

Rehearing En Banc Denied

June 15, 1962.

---

Mr. Lewis E. Hoffman, Washington, D. C., for appellant.

Mr. Harold S. Harrison, Atty., Dept. of Justice, with whom Asst. Atty. Gen. Ramsey Clark, Messrs. Roger P. Marquis and Thomas L. McKevitt, Attys., Dept. of Justice, were on the brief, for appellee

Before EDGERTON, PRETTYMAN, and BAZELON, Circuit Judges.

PER CURIAM.

Appellee's predecessor as Secretary of the Interior issued to appellant's predecessor Boesche a noncompetitive oil and gas lease on 80 acres of public land. After the Boesche application was filed, Cuccia and Conley filed an application which complied fully with the law and the regulations. The Secretary directed the cancellation of Boesche's lease and the District Court, we think correctly, sustained his action.

By § 17 of the Mineral Leasing Act [1] a noncompetitive lease must be issued to the first applicant who qualifies. The Secretary is authorized to make rules and regulations.[2] To promote efficient exploitation of mineral deposits on unproven lands,[3] the Secretary requires by regulation that an application must cover at least 640 acres, with two exceptions, one of which is "Where the land is surrounded by lands not available for leasing under the act * * *."[4] We agree with the District Court that this is a reasonable and valid regulation.

---

1. 49 Stat. 677 (1935), as amended, 30 U.S. C.A. § 226.

2. 41 Stat. 450 (1920), 30 U.S.C.A. § 189.

3. Annie Dell Wheatley, 62 I.D. 292 (1955).

4. 17 F.R. 5615 (June 21, 1952), as amended, 43 C.F.R. 192.42(d) (1961 Supp.).

206

"Not available for leasing" may well mean, not available for leasing *to anybody*. Accordingly the Secretary "has always considered lands covered only by an outstanding application to be available for leasing." Natalie Z. Shell, 62 I.D. 417, 419 (1955). This interpretation is reasonable and we should not reject it.[5] In interpreting "an administrative regulation a court must necessarily look to the administrative construction of the regulation if the meaning of the words used is in doubt." Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 413–414, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945). When Boesche filed his application, an adjoining 40-acre tract had been applied for but not leased. Since that tract was "available for leasing" the Boesche application was insufficient.

Although the Secretary's interpretation of his regulation had "general applicability and legal effect", it was not necessary to publish it in the Federal Register.[6] "The function of filling in the interstices of the Act should be performed, as much as possible, through * * * quasi-legislative promulgations of rules * * *. But any rigid requirement to that effect would make the administrative process inflexible and incapable of dealing with many of the specialized problems which arise." Securities & Exchange Commission v. Chenery Corp., 332 U.S. 194, 202, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947).

This court has held that the Secretary not only has authority to cancel a lease issued on a defective application but may be required to do so. McKay v. Wahlenmaier, 96 U.S.App.D.C. 313, 226 F.2d 35 (1955). Cf. Hawley v. Diller, 178 U.S. 476, 495, 20 S.Ct. 986, 44 L.Ed. 1157.

Affirmed.

5. Skidmore v. Swift & Co., 323 U.S. 134, 140, 65 S.Ct. 161, 89 L.Ed. 124; Western Union Telegraph Co. v. United States, 2d Cir.1954, 217 F.2d 579, 581.

6. 49 Stat. 501 (1935), as amended, 44 U.S. C.A. § 305(a).

On June 15, 1962, the court in banc* entered the following order:

The court in banc having granted appellant's petition for rehearing in banc on February 21, 1962, and the appeal having been reheard by the court in banc, and the court in banc now being of the view that the judgment of the division of this court should be reinstated,

It is ORDERED by the court in banc:

(1) that the order entered February 21, 1962, granting the petition for rehearing in banc and vacating the judgment of the division entered November 16, 1961, is hereby set aside;

(2) that the petition for rehearing in banc is hereby denied; and

(3) that the judgment of the division entered herein November 16, 1961, is hereby reinstated.

* WILBUR K. MILLER, Chief Judge, and EDGERTON, BAZELON, FAHY, WASHINGTON, DANAHER, BASTIAN and BURGER, Circuit Judges.