**Henry S. MORGAN et al., Appellants,**

v.

**Stewart L. UDALL, Secretary of the Interior, et al., Appellees.**

**No. 16367.**

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 16, 1962.

Decided July 5, 1962.

Petition for Rehearing Denied Sept. 12, 1962.

Mr. Marvin J. Sonosky, Washington, D. C., for appellants.

Mr. A. Donald Mileur, Atty., Dept of Justice, with whom Mr. Ramsey Clark, Asst. Atty. Gen., Messrs. Roger P. Marquis and Ralph S. Boyd, Attys., Dept. of Justice, were on the brief, for appellee Udall.

Mr. Harry M. Edelstein, Washington, D. C., for appellee Wallis.

Messrs. Henry Glassie and Hershel Shanks, Washington, D. C., were on the brief for appellee Nakasian.

Messrs. Philip R. Collins and Courtney Whitney, Jr., Washington, D. C., entered appearances for appellee McKenna.

Before EDGERTON, WASHINGTON and DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

The appellants ask reversal of an order of the District Court which had granted summary judgment for the Secretary and Wallis, intervenor in whose favor the Secretary had ruled. Morgan in the original complaint, and both Morgan and Strom in an amended complaint, had sought review of the Secretary's issuance to Wallis of a public land oil and gas lease of some 826 acres of Government-owned lands in Louisiana at the mouth of the Mississippi River. All the various parties, Wallis included, at different times had filed "public lands" lease offers under the Mineral Leasing Act of 1920, 41 Stat. 437, as amended, 30 U.S.C. § 181 et seq. (1958), as amended, 30 U.S. C.A. § 181 et seq., each allegedly including the land for which the Secretary finally deemed Wallis to be qualified. The various parties also had filed separate lease offers on the additional theory that the lands were "acquired lands" of the United States.[1]

The Director of the Bureau of Land Management concluded that the lands in question were not and could not have been at any time "acquired lands," for the United States had never previously divested itself of title to the lands in issue, only thereafter to re-acquire them. Accordingly he ruled that the law and the regulations pertaining to *public* lands must control.

Thereupon he gave Wallis and Morgan thirty days within which to show cause and to submit briefs and evidence with respect to that ruling. Neither party responded. The Director then ruled that his decision eliminating the "acquired lands" applications had become final, the offers thereunder were deemed finally rejected, and as to those applications, the case was closed.

With an appeal from that ruling pending before the Secretary, appellant Strom many months later, in 1956, filed public land offers for the same lands, and later, in 1957, filed acquired lands offers with respect thereto. The Secretary affirmed the challenged decision of the Director.

The Secretary also rejected the Morgan public land offer on the ground that Morgan had failed to connect the metes and bounds description of unsurveyed lands with a corner of the public lands surveys. He ruled additionally that the description in the Morgan application was insufficient under the applicable regulation[2] to identify the land. It may be noted that the regulations also provide that an offer will be rejected and will confer no priority unless it be completed in accordance with the regulations.[3]

The Secretary concluded that Wallis had filed a proper public lands lease offer which complied with the Department regulations. Thus the award went to

---

1. Purchased or acquired land may be leased under the Mineral Leasing Act for Acquired Lands of August 7, 1947, 61 Stat. 913, 30 U.S.C.A. §§ 351–359. And see Barash v. Seaton, 103 U.S.App.D.C. 159, 160, 256 F.2d 714, 715 (1958).

2. 43 C.F.R. § 192.42(d) (1954) which read as applied in pertinent part: "Each offer must describe the lands by legal subdivision, section, township, and range, if the lands are surveyed, and if not surveyed, by a metes and bounds description connected with a corner of the public land surveys by course and distance and must cover only lands entirely within a six-mile square."

3. 43 C.F.R. § 192.42(g) (1954).

him as the first qualified applicant,[4] for the Secretary found Strom to be junior to Wallis.

 The Secretary's decision is subject to judicial review only if it can be shown that he has acted arbitrarily or unreasonably or that his interpretation of what constitutes "public lands" is erroneous as a matter of law.[5]

 The Secretary had been granted authorization by the Act "to prescribe necessary and proper rules and regulations and to do any or all things necessary to carry out and accomplish the purpose of this Act * * *." [6] His interpretation of his own regulations is of controlling weight unless it is plainly erroneous or inconsistent with the regulations.[7] It has long been established that the determination by the Secretary of a question of fact on a matter within his jurisdiction is well-nigh conclusive.[8] Here the District Court with the administrative record before it, entered findings of fact and conclusions of law supporting the Secretary's decision. In light of the record, we have considered the claims advanced by the appellants and have discerned no adequate basis upon which that determination may be disturbed.

 It follows that the appellants have failed to sustain their burden of demonstrating error in the Secretary's conclusion that Wallis was the first qualified applicant and is entitled to the lease.[9] Accordingly the order of the District Court is

Affirmed.

4. McKenna v. Seaton, 104 U.S.App.D.C. 50, 259 F.2d 780, cert. denied, 358 U.S. 835, 79 S.Ct. 57, 3 L.Ed.2d 71 (1958).

5. Chapman v. Sheridan-Wyoming Coal Co., 338 U.S. 621, 631, 70 S.Ct. 392, 94 L.Ed. 393 (1950); California Company v. Udall, 111 U.S.App.D.C. 262, 296 F.2d 384 (1961).

6. Mineral Leasing Act of 1920, § 32, 41 Stat. 450, 30 U.S.C.A. § 189.

7. Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 414, 65 S.Ct. 1215, 89 L. Ed. 1700 (1945); Wright v. Paine, 110 U.S.App.D.C. 100, 102, 289 F.2d 766, 768 (1961).

8. Foster v. Seaton, 106 U.S.App.D.C. 253, 255–56, 271 F.2d 836, 838–39 (1959); Wann v. Ickes, 67 App.D.C. 291, 293, 92 F.2d 215, 217 (1937).

9. Cf. Boesche v. Udall. 1961, D.C.Cir., 303 F.2d 204, rehearing en banc denied, 1962, D.C.Cir., 303 F.2d 204.