**Alice M. SEAY, Plaintiff,**

v.

**Jerome KAPLAN, Defendant.**

**Harold SEAY, Plaintiff,**

v.

**Jerome KAPLAN, Defendant.**

**Civ. Nos. 2-485, 2-486.**

United States District Court
S. D. Iowa, W. D.

May 6, 1964.

Porter, Heithoff & Pratt, Council Bluffs, Iowa, Ross & O'Connor, Omaha, Neb., for plaintiffs.

Gross, Welch, Vinardi, Kauffman & Schatz, Omaha, Neb., Smith, Peterson, Beckman & Willson, Council Bluffs, Iowa, for defendant.

HANSON, District Judge.

The question on the present motion is whether the new venue statute, Section 1391(f) Title 28 U.S.C., applies to pending actions. The legislative history gives no indication of an answer to the question.

41 A.L.R.2d 798 contains an annotation dealing with the operation and effect of venue statutes on pending cases. The present case was pending and untried at the trial level when the new venue statute was enacted. This annotation shows that there is a split of authority. The following cases are cited as authority for the proposition that a statute fixing venue is applicable to actions pending on the effective date of the statute: Schoen v. Mountain Producers Corp., 3 Cir., 170 F.2d 707, 5 A.L.R.2d 1226, cert. denied 336 U.S. 937, 69 S.Ct. 746, 93 L.Ed. 1095; Hadlich v. American Mail Line, D.C., 82 F.Supp. 562; Fischer v. Karl, D.C., 84 F.Supp. 53; Fort Smith Gas Co. v. Kincannon, 202 Ark. 216, 150 S.W.2d 968; Houston & T. C. R. Co. v. Graves, 50 Tex. 181; added to these cases are Ex parte Collett, 337 U.S. 55, 69 S.Ct. 959, 93 L.Ed. 1207; McKee v. Eskrigge, La. App., 139 So.2d 545; Brandon v. Warmath, 198 Tenn. 38, 277 S.W.2d 408; United States v. National City Lines, D.C., 80 F.Supp. 734.

The authority to the contrary consists of Vaughan v. Empresas Hondurenas, 171 F.2d 46 (5th Cir.); Newell v. Baltimore & O. R. Co., 181 F. 698 (C.C.Pa.); Harris v. Alabama G. S. R. Co., 146 Ala.

340, 40 So. 267; Gurnee v. Superior Court, 58 Cal. 88; Watt v. Wright, 66 Cal. 202, 5 P. 91.

There are a number of jurisdictions such as Iowa which while they have not passed squarely on the present point, have squarely held that venue statutes are procedural and hence apply to pending cases. See Bascom v. District Court of Cerro Gordo County, 231 Iowa 360, 1 N.W.2d 220.

The courts often let the decision as to how to apply a statute turn on whether or not it is procedural or substantial. The Iowa court in the Bascom case cited Corpus Juris and Ruling Case Law and said:

"A difference is recognized between statutes affecting substantial rights and those affecting only procedure, the courts being more liberal in the interpretation relative to retrospective operation in the latter than in the former case. The general rule that statutes will be construed to be prospective only and not retrospective or retroactive ordinarily does not apply to statutes affecting remedy or procedure, or, as is otherwise stated, such general rule is subject to an exception in the case of a statute relating to remedies or procedure. While it has been said that statutes relating to remedies or procedure may be given a retroactive operation, a more accurate statement of the principle intended is that, unless expressly prohibited by statute, and in the absence of directions to the contrary, or unless in doing so some contract obligation is violated or some vested right divested, statutes merely affecting the remedy or law of procedure apply to actions thereafter, whether the right of action accrued before or after the change in the law. * * *.

"The presumption against retrospective construction of statutes as a general rule does not apply to stat-utes that relate merely to remedies and modes of procedure.

"In connection with this same question as to the retrospective effect of a statute we find the following comment in 25 R.C.L. par. 38, page 791: 'Statutes relating to procedure or legal remedies are undoubtedly within the general rule against retrospective construction where the effect of giving them a retroactive operation will be to impair the obligation of contracts or to disturb vested rights. But the rule does not prevent the application of statutes to proceedings pending at the time of their enactment where they neither create new, or take away vested, rights. When a new statute deals with procedure only, prima facie, it applies to all actions—those which have accrued or are pending and future actions.' "

The court went on to hold the venue statute procedural. In Ex parte Collett, supra, the court held T. 28 U.S.C. § 1404(a), a venue statute, to be procedural.

The plaintiffs claim that the actions were brought in Iowa, the place of the accident, because they believed that the defendant had consented to the venue. The defendant, of course, denies this. The question here is whether the cases are to be transferred to the residence of the defendant or whether they can be tried in Iowa. This court believes that the majority of the cases, including the United States Supreme Court, hold that venue statutes are procedural matters and that they may upon becoming effective apply to them pending cases. The court, with knowledge that there is authority to the contrary, applies the rule that venue is procedural and, therefore, holds that Title 28, Section 1391(f) applies to the present cases.

It is, therefore, hereby ordered that the defendant's motion to dismiss causes Nos. 2–485 and 2–486 is overruled and denied.