C. F. PRUESS, Sr., Executor, et al.,
Appellants,

v.

Stewart L. UDALL, Secretary of Interior,
Appellee.

No. 18907.

United States Court of Appeals
District of Columbia Circuit.

Submitted March 18, 1965.

Decided Nov. 19, 1965.

Wilbur K. Miller, Senior Circuit Judge, dissented.

Mr. C. F. Pruess, Grants Pass, Or., appellant pro se, submitted on the brief.

Asst. Atty. Gen. Ramsey Clark, Messrs. Roger P. Marquis, Herbert Pittle and George R. Hyde, Attys., Dept of Justice, submitted on the brief for appellee.

Before WILBUR K. MILLER, Senior Circuit Judge, and WASHINGTON and DANAHER, Circuit Judges.

WASHINGTON, Circuit Judge:

The Secretary of the Interior has determined after hearings that appellant did not make a mineral discovery sufficient to support a claim to patent Government lands. The land involved is in Oregon and appellant is an Oregon resident. Appellant sought review of the Secretary's decision in the District Court in the District of Columbia. 5 U.S.C. § 1009 (1965). Appellant alleged, among other things, that the Secretary's decision was arbitrary, capricious and contrary to the evidence. The trial court sustained the Secretary's decision.

We have held in the past that the courts have a very limited function in reviewing the determinations of the Secretary of the Interior. Foster v. Seaton, 106 U.S.App.D.C. 253, 271 F.2d 836 (1959); Morgan v. Udall, 113 U.S.App.

D.C. 192, 306 F.2d 799, cert. denied, 371 U.S. 941, 83 S.Ct. 320, 9 L.Ed.2d 275 (1962). In the *Morgan* case we stated that "the determination by the Secretary of a question of fact on a matter within his jurisdiction is well-nigh conclusive." *Supra,* 113 U.S.App.D.C. at 194, 306 F.2d at 801 (footnote omitted). But the District Court still has an obligation to determine whether the Secretary's decision is supported by substantial evidence. We think that in this case the trial judge failed to meet this obligation.

In the District Court both parties moved for summary judgment and both motions were denied. A "trial" was then held at which appellant did not appear and was not represented. He did, however, submit a trial brief. At the beginning of the trial the Government offered the full administrative record to the trial judge as an exhibit as had been provided in the pretrial order pursuant to stipulation. The court refused to receive the record at that time, saying, "First tell me what the case is about before you offer any evidence. In other words, make an opening statement as though opposing counsel was here." Government counsel then undertook to summarize appellant's contentions, and to state his version of the facts and the basis for the Secretary's decision. Upon conclusion of his statement, the administrative record was received in evidence immediately before the Judge announced his decision and the trial ended.[1] Immediately following the

---

1. The transcript reads:

"MR. PITTLE [Government attorney]: I would like to offer the administrative record in evidence as an exhibit, in accordance with our pretrial statement and the pretrial order.

"THE COURT: Let it be admitted.

"THE DEPUTY CLERK: Defendant's Exhibit No. 1.

"THE COURT: Is there anything else?

"MR. PITTLE: That is all, Your Honor.

"THE COURT: Judgment for the plaintiff * * *. I mean judgment for the defendant. Counsel for the defendant will submit proposed findings of fact and conclusions of law.

"The Court is indebted to counsel for a very clear presentation of the matter. I am sorry you had to wait all this time.

"MR. PITTLE: That is all right. May I at this time ask for the return of the administrative record so that you won't be bothered with it? It's gotten lost each time.

"THE COURT: Yes, we don't want to keep it here. You may return it to counsel, Mr. Clerk.

"But submit your findings promptly within the next few days.

"MR. PITTLE: Yes, sir.

"THE COURT: They don't have to be too detailed. Don't submit any evidentiary findings, just ultimate findings."

court's announcement of judgment Government counsel asked for the return of the administrative record and it was thereupon returned to him. See footnote 1. We can only conclude that the court could not have consulted the administrative record before rendering his judgment for appellee. His conclusion of law that the Secretary's decision was "based upon substantial evidence" accordingly was not based on the record and cannot be sustained.

Appellee, nevertheless, here argues that the other papers before the trial judge justified his conclusion that the Secretary's decision was supported by substantial evidence. We need not decide whether a court may in some circumstances pass on the sufficiency of the evidence on the basis of papers other than the administrative record. The parties here had stipulated in advance of trial that the administrative record was to be offered in evidence by the appellee. Furthermore, the trial judge's remarks to the Government attorney during the trial suggest strongly that he was not familiar with the other papers before he rendered his judgment, and hence that the judgment was not based on any material found in them.[2]

Since the judgment is to be reversed and the case remanded, another point raised by appellant should be discussed. Appellant asserts that the trial judge erred in denying his pretrial motions to have the case transferred to the District Court in Oregon. There is some merit in the appellant's argument.

■ At the time his action was filed, April 25, 1962, the only proper venue was the District of Columbia. Subsequently, on October 5, 1962, the following subsection was added to 28 U.S.C. § 1391:

"(e) A civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, may, except as otherwise provided by law, be brought in any judicial district in which: (1) a defendant in the action resides, or (2) the cause of action arose, or (3) any real property involved in the action is situated, or (4) the plaintiff resides if no real property is involved in the action.

"The summons and complaint in such an action shall be served as provided by the Federal Rules of Civil Procedure except that the delivery of the summons and complaint to the officer or agency as required by the rules may be made by certified mail beyond the territorial limits of the district in which the action is brought." 28 U.S.C. § 1391(e) (Supp. V, 1959–63).

Under this subsection, it seems clear that venue would be proper in Oregon if a new suit were brought.

■ Prior to the passage of this amendment, appellant had moved to have the case transferred under 28 U.S.C. § 1404(a).[3] This motion was denied, presumably because venue would not have been proper in Oregon. Appellant again moved to have the case transferred in March, 1963, after the amendment of Section 1391. This motion was also denied. The trial court did not give reasons for the denial of appellant's motions. However, there is no suggestion on the record that the court exercised its discretion and concluded that transfer would not be "[f]or the convenience of parties and witnesses, [and] in the interest of jus-

---

**2.** The trial judge said at the outset of the trial, "First tell me what the case is about * * *." He said: "* * * tell me in a sentence or two just what is involved here, what the decision is which is sought to be reviewed"; "I don't start reading anything until after I hear

* * *." "Has the plaintiff filed a brief or points and authorities?"

**3.** "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

tice * * *." 28 U.S.C. § 1404(a).[4] We think that the trial judge should consider this matter further in the light of the following principles:

■ Initially, we must consider whether Section 1391(e) should be taken to apply to cases pending at the time of its passage. We conclude that it does. See, e. g., Seay v. Kaplan, 35 F.R.D. 118 (S.D.Ia.1964) (applying Section 1391(f) to an action pending on the date of its passage, December 23, 1963). In Ex parte Collett, 337 U.S. 55, 71, 69 S.Ct. 944, 959, 93 L.Ed. 1207 (1949), the Supreme Court held that Section 1404(a) was itself applicable to actions pending at the time of its passage. If appellant had originally filed his suit in Oregon and the suit had been pending in the District Court there at the time Section 1391 (e) was passed, the venue would have been proper.

■ If the trial judge finds that the convenience of the parties and the interest of justice would be served by transferring the case to Oregon, the policies of Section 1391(e) and Section 1404(a) would be furthered by permitting transfer in this case. Section 1391(e) was intended to relieve plaintiffs of the burden of litigating far from their residences, to relieve the courts in the District of Columbia of some of their case load, and to take advantage of the expertise district judges acquire in the problems peculiar to their areas. S.Rep.No. 1992, 87th Cong., 2d Sess. (1962), 2 U.S.CODE CONG. & AD. NEWS, p. 2784 (1962). In a letter to the Judiciary Committee, the Deputy Attorney General noted that the principal beneficiaries of the venue change would be "those who wish to seek review of decisions relating to public lands, such as * * * consideration of land patent applications * * *." *Id.* at p. 2789. Hence, the District Court in Oregon should be regarded as a district

where the action "might have been brought" for purposes of § 1404(a).

■ In our view, Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960), does not compel a different conclusion. In that case the defendant moved under Section 1404(a) for a change of venue. Although plaintiff could not have brought the action originally in the transferee jurisdiction because venue was not proper, defendant consented to suit there. The Court held that Section 1404(a) did not authorize transfer in these circumstances. The opinion rested on two interrelated propositions. First, that it would "inject gross discrimination" to permit a defendant to increase the number of districts in which a trial can be held. This would give the defendant an advantage that the plaintiff does not have. That argument has no relevance here since either party would be in a position to move for transfer of the case to Oregon. Second, *Hoffman* relies to some extent on the "plain meaning" of Section 1404(a). The section states that "a district court may transfer any civil action to any other district or division where it might have been brought." The Court states that this plainly does not mean " 'where it may now be rebrought with defendants' consent.' " The holding of the case on this point is that the conduct of the defendant after suit is brought cannot add to the forums into which a suit can be transferred. It does not deal with the question of whether a statutory change in venue requirements between the bringing of suit and the motion for transfer can add to the forums into which a suit can be transferred. While there is language in the opinion which could be taken to answer this question in the negative,[5] we do not think we are bound to give the *Hoffman* case so broad a reading. The Court there rejected the argu-

---

4. The Government here argues, as they presumably argued below, that the judge did not have discretion to transfer the case to Oregon.

5. For example, the Court cites with approval the statement of the Third Cir-

cuit that "Section 1404(a) directs the attention of the judge who is considering a transfer to the situation which existed when suit was instituted."

ment that transferability could turn on "the wish or waiver of the defendant." Section 1391(e) is a remedial statute designed to facilitate suits brought by persons in the position of appellant herein. We need not read an opinion, which was designed to prevent discrimination, in such a way as to impede a policy of Congress designed to make access to the courts easier for plaintiffs.

The case is remanded for further proceedings not inconsistent with this opinion.

Remanded.

WILBUR K. MILLER, Senior Circuit Judge, dissents.