**C. F. PRUESS, Sr., Executor of Estate of Ida G. Archerd, Dec'd., W. J. Gordon, Jennie Bulfer, Roy Gordon, Ray Harrison, Glenn Beale and Hazel Van Allen Price, heirs at law and next of kin of said Ida G. Archerd, Deceased, Plaintiffs,**

v.

**Stewart L. UDALL, Secretary of the Interior, Defendant.**

**Civ. No. 67–167.**

United States District Court D. Oregon.

June 25, 1968.

C. F. Pruess, Sr., Woodburn, Or., Gene L. Brown, Grants Pass, Or., for plaintiffs.

Sidney I. Lezak, U. S. Atty., Joseph E. Buley, Asst. U. S. Atty., Portland, Or., for defendant.

## OPINION

SOLOMON, Chief Judge:

Plaintiffs seek to set aside a decision of the Secretary of the Interior denying patents for six mining claims.

This controversy began February 12, 1958, when the defendant filed invalidation proceedings against seven mining claims. At the hearing, the defendant admitted that there had been a valuable mineral discovery on the Black Jack claim and dismissed the challenge to this claim. The hearing examiner found that the land in the other six claims was mineral in character, but he concluded that a valuable mineral deposit had not been discovered. The examiner held those claims invalid. The Director of the Bureau of Land Management and the Secretary of the Interior affirmed the examiner's decision.

Plaintiffs filed an action to set aside the decision in the District Court for the District of Columbia. The Court granted defendant's motion for summary judgment. The Court of Appeals reversed because the District Court failed to review the administrative record to determine if the administrative decision was based on substantial evidence. Pruess v. Udall, 123 U.S.App.D.C. 301, 359 F.2d 615 (1965). On remand, the District Court considered the whole record and again granted summary judgment for the defendant. The Court of Appeals held that the District Court erroneously denied plaintiffs' motion to transfer. The Court vacated the judgment of the District Court and ordered the action transferred to this Court.

After the transfer to this Court, I was under the impression that the parties had submitted the controversy on cross motions for summary judgment. On January 19, 1968, after reviewing the entire administrative record, I found that the Secretary's decision was proper and I ordered the action dismissed. Plaintiffs then asserted that they were entitled to a trial and moved to set aside my opinion and order. On March 11, 1968, on the basis of plaintiffs' representations that they had evidence to present to the Court, I vacated my opinion and order and set the case for pretrial and trial. The parties submitted a pretrial order in which no new issues were raised. At the trial on March

26, 1968, plaintiffs did not present any evidence. It was obvious that plaintiffs merely desired an opportunity to reargue the case. I gave plaintiffs that opportunity.

■ The test of whether valuable mineral deposits have been discovered is whether a person of ordinary prudence would expend further labor and money with a reasonable prospect of developing a valuable mine. Castle v. Womble, 19 I.D. 455 (1894); Chrisman v. Miller, 197 U.S. 313, 25 S.Ct. 468, 49 L.Ed. 770 (1905). In other words, the test to determine whether a valuable mine has been discovered is whether a prudent person would expend more money to develop a mine. A patent cannot be granted where the evidence shows that further expenditures would be required to locate rather than to develop a mine. Converse v. Udall, 262 F.Supp. 583, 595 (D.Or.1966).

■ Plaintiffs contend that the Department of the Interior failed to apply this prudent-man test and erroneously applied a test of profitability. Profitability is an important consideration in applying the prudent-man test. United States v. Coleman, 390 U.S. 599, 88 S.Ct. 1327, 20 L.Ed.2d 170, decided April 22, 1968.

■ I have examined the administrative record, and I find that the Department of the Interior applied the proper standard. The hearing examiner concluded that:

"The history of other claims in the area and the limited amount of surface or near surface production in the district, together with the limited quality or quantity of minerals on the claims is not conducive to the belief that a valuable mineral deposit has been found or can be identified either on the surface or at depth. The mineral showings on the claims suggest that the further expenditures of time and means on the claims would be directed toward the exploration for such a deposit rather than toward the de-velopment of a deposit which has been found."

The Director of the Bureau of Land Management held that the limited discovery did not demonstrate that a person of ordinary prudence would expend further time and money with the reasonable prospect of developing a valuable mine. He agreed with the Examiner that further expenditures would be to locate, not develop, a valuable mine. The Secretary affirmed these decisions.

I find that the Department of the Interior applied the prudent-man standard.

■ Plaintiffs also contend that the administrative decision is not based on substantial evidence. The government's experts testified that a prudent man would not make additional expenditures to develop a valuable mine on the basis of the limited discoveries. Plaintiffs' own experts admitted that further exploration was necessary. I find that the record, considered as a whole, supports the Secretary's conclusion.

■ Plaintiffs also contend that the administrative decision is not supported by substantial evidence because the prudent-man test must be applied as of the date of discovery (1920 or 1930 in this action) rather than the date of the patent application. Plaintiffs are mistaken. The date of the application determines whether there has been discovery of a valuable mineral deposit. Adams v. United States, 318 F.2d 861 (9th Cir. 1963).

Snyder v. Udall, 267 F.Supp. 110 (D. Colo.1967), cited by plaintiffs, does not suggest a different result. In *Snyder*, the plaintiff filed a claim in 1941. In 1948, the government withdrew the land from the mineral entry subject to valid existing rights. In 1960, when the government challenged the validity of the claim, the Court held that the discovery must be judged as of the date of the filing, 1941.

Here, the application was filed in March, 1957. The Secretary properly used this date to determine whether

plaintiffs had discovered a valuable mine.

All of plaintiffs' contentions are without merit. The action is dismissed.

This opinion shall constitute findings of fact and conclusions of law under Rule 52(a), Federal Rules of Civil Procedure.