Strafford,
Nov. 7, 1934.

ROBERT F. DAVIS *v.* FRANK E. GRIMES.

*Conrad E. Snow* and *Leonard C. Hardwick* (*Mr. Snow* orally), for the plaintiff.

*Hughes & Burns* (*Mr. Hughes* orally), for the defendant.

WOODBURY, J.   The defendant contends that "the contract alleged to have been made in March, 1927, was within the Statute of Frauds, was not evidenced in writing, and therefore void," and that "the alleged contract in January, 1929, was in substitution of the first alleged contract, was not evidenced in writing, and therefore void." In support of these contentions the defendant argues that since he conducted his business on land which he owned, a promise to transfer a share in the business was a promise to transfer an interest in land, which, to be enforcible, must be in writing.   P. L., *c.* 327, *s.* 1.

The fallacy in this argument lies in the assumption that a transfer of a share in the business necessitated the transfer of an interest in the land upon which the business was conducted.   There is nothing in the record to indicate that the plaintiff, in contracting with the defendant for a share in the latter's business, had in mind anything more than an interest in the personal property used in connection therewith, its good will, and a share in the profits.   That the defendant also regarded his land as separate from his business is clear since he testified that when he incorporated his "business" he transferred to the corporation only the personal property used in connection therewith, not the land upon which it was conducted.   The jury, in finding a verdict for the plaintiff, must have found that the minds of the parties met in agreement upon a contract, and there is no evidence from which they could have found that the parties, in contracting with one another, had in mind the transfer of any interest in land.   Under these circumstances the statute does not apply.

The second contention of the defendant, "that the alleged contract

in January, 1929, was in substitution of the first alleged contract, was not evidenced in writing and therefore void," is equally without merit. The January contract was at most a contract to transfer shares in a corporation. Such shares are not land or any interest in land, even though the corporation may own real property. *Champollion* v. *Corbin*, 71 N. H. 78.

The defendant further argues that the contract was void because it was not to be performed within a year. P. L., c. 327, s. 2. It has long been well established that this section of the statute renders unenforcible only those contracts which cannot be performed according to their terms within a year from the time of their inception. Williston, Contracts, s. 495; *Blanding* v. *Sargent*, 33 N. H. 239, 245; *Gault, Brown & Co.* v. *Brown*, 48 N. H. 183, 189; *Spaulding* v. *Mayo*, 81 N. H. 85, 87; *McCrillis* v. *Company*, 85 N. H. 165. Clearly the contract as testified to by the plaintiff not only could have been performed within a year, but also the plaintiff, when he made the agreement, anticipated that it would be performed within that time.

Various exceptions to the admission and exclusion of evidence and to portions of the argument of plaintiff's counsel to the jury were not argued and have not been considered.

*Judgment on the verdict.*

All concurred.