Mark A. **MOONEY**

v.

**STATE FARM INSURANCE COMPANIES.**

Civ. A. No. 3357.

United States District Court, D. New Hampshire.

July 5, 1972.

698

David J. KillKelley, Nighswander, Lord, Martin & KillKelley, Laconia, N. H., for plaintiff.

David W. Hanis, Passaic, N. J., A. J. McDonough, Manchester, N. H., for defendant.

## OPINION

BOWNES, District Judge.

This is an action for breach of contract brought by an insurance agent against his company. Jurisdiction is based on diversity of citizenship and alleged damages in excess of $10,000. 28 U.S.C. § 1332.

Plaintiff's amended complaint alleges in four counts that: (1) defendant terminated plaintiff's agency contract without right, thereby breaching the contract; (2) defendant's agents intentionally or negligently represented to plaintiff that the contract could not be terminated except for death or due cause and that plaintiff justifiably relied on such representations; (3) defendant's agents negligently failed to perform their promise not to terminate except for

death or due cause; and (4) defendant's agents "knowingly, willfully, maliciously, wrongfully, intentionally and negligently interfered and intermeddled with the business affairs of the Plaintiff."

Defendant now moves for summary judgment and dismissal. Depositions, exhibits, and affidavits have been offered for the determination of whether a genuine issue of material fact exists. F.R.Civ.P. 56; H & M Cake Box, Inc. v. Bakery and Confectionery Workers, etc., Local No. 45, 454 F.2d 716 (1st Cir. 1972).

Examination of the depositions and exhibits reveals that the following facts are not disputed: From 1964 until 1971, plaintiff sold insurance for the defendant, first as a local agent under a financing agreement and then, after October 1, 1967, as an independent contractor pursuant to a contract entered into on September 26, 1967.

The contract provides in pertinent part:

## SECTION III

1. This Agreement will terminate upon your death. You or State Farm have the right to terminate this Agreement by written notice delivered to the other or mailed to the other's last known address. * * *

2. In the event we terminate this Agreement, you are entitled upon request to a review in accordance with the termination review procedures approved by the Boards of Directors of the Companies, as amended from time to time.

## SECTION V

* * * * * *

3. This Agreement shall supersede all prior agreements between the several parties hereto, whether written or otherwise, provided that provisions in prior agreements establishing the amount and method of repayment by the Agent to the Companies for financing deficits incurred under prior agreements shall remain in force until such deficits are repaid in full.

* * * * * *

5. This Agreement constitutes the sole and entire Agreement between the parties hereto and no change, alteration, or modification of the terms of this Agreement may be made except by agreement in writing signed by an authorized representative of the Companies and accepted by you.

At his deposition, plaintiff admitted that he entered into the agent's agreement at his own request. He did not remember reading each provision of the contract, but admitted reading a reproduction of the contract in a loose leaf binder. He understood that the contract was the only agreement between the defendant and himself and admitted that the defendant had not been unfair and that there had been no "sharp dealings" on defendant's part. Dep. p. 62.

After executing the agreement, plaintiff became active in the real estate business and obtained a model home franchise. For this reason, defendant decided to terminate the contract and so advised plaintiff by letter in February, 1971. Termination was to be effective on February 28, 1971, and, in accordance with Section III, paragraph 2 of the contract, plaintiff was granted a review hearing on March 11, 1971, in Wayne, New Jersey. Shortly thereafter, plaintiff was advised that the decision to terminate was sustained. Plaintiff admitted that "the procedure as per the contract was followed." Dep. p. 46.

Plaintiff's position is that defendant could not terminate the contract at will since, according to his affidavit, he "relied upon the representation of the representatives of State Farm Insurance Companies that the contract could not be terminated except for death or due cause." The contract is clear; either party can terminate at will by notice delivered to the other. The review hearing provision does not change the termination clause, nor does it render that clause ambiguous. Its purpose is to

benefit defendant by providing review of lower management decisions to terminate and reversal where those decisions were based on poor judgment.

■■ The contract is unambiguous. It is an integrated agreement which permits termination at will. Plaintiff admitted that defendant did not act in a sharp or unfair manner leading up to its execution. The parol evidence rule, therefore, forecloses consideration of any evidence which would vary or contradict the contract's terms. Glaser v. Medford-Marlboro Knit Gaiter Company, 93 N.H. 95, 98, 36 A.2d 280 (1944). Under these facts, the general rule applies:

> . . . where the claim or defense is predicated upon a written integrated contract that is unambiguous, the parol evidence rule may cut off the presentation of matter that would otherwise raise factual issues and hence summary judgment may be appropriate where in the absence of the parol evidence rule it would not be. Moore's Federal Practice ¶ 56.17 [11].

Since the alleged factual disputes which plaintiff asserts could not be presented at trial, defendant's motion for summary judgment on the contract claim is allowed.

■ Defendant seeks dismissal of the remaining counts, which sound in tort, on the grounds that, if plaintiff has sustained any damages, they are less than the jurisdictional amount. Since plaintiff was allowed to file an amended complaint after defendant's answer and motion were filed, and since plaintiff submitted an affidavit in opposition to defendant's motion at the hearing, I consider defendant's motion for dismissal to be a motion for summary judgment, except for those counts where I do not look beyond the pleadings, and not limited to subject matter jurisdiction grounds. F.R.Civ.P. 12(b); Gillentine v. McKeand, 426 F.2d 717 (1st Cir. 1970).

■ Count III must be dismissed for failure to state a cause of action, since no action may be maintained in tort for negligent failure to perform a contract. Barrett v. New England Telephone & Telegraph Company, 80 N.H. 354, 117 A. 264 (1922).

Counts II and IV are essentially the same as Count I, except that Count IV sets forth a detailed list of the allegations in support of plaintiff's claim. My conclusion is that summary judgment must be granted for defendant on these counts.

■ The relationship and duties between the parties arise from the contract. The plaintiff's position is that the intentional or negligent representations of the defendant's agents led him to believe that the contract could only be terminated on his death or for due cause. There is no mention of "due cause" in the contract, but plaintiff seeks to overcome this by reading into the review provision an unstated requirement that due cause must be found before the contract can be terminated. This not only strains credulity, but flies in the face of common sense and accepted contract law. Surely the company could not require the plaintiff to continue the agency contrary to the plaintiff's desire to terminate. An agency contract of this type can either be terminable at will, as this was, or for a definite term, with or without options to renew. The plaintiff cannot avoid the plain words of the contract and the parol evidence rule by the use of a tort claim.

Defendant's motion for summary judgment is granted.

So ordered.