MODERN EQUIPMENT CORP.,
Plaintiff,

v.

PUERTO RICO TELEPHONE CO. and
ITT World Directories, Defendants.

Civ. No. 116–70.

United States District Court,
D. Puerto Rico.

Jan. 13, 1977.

Benito Gutiérrez Díaz, Hato Rey, P. R., for plaintiff.

Baltasar Corrada del Río, San Juan, P. R., for defendants.

## OPINION AND ORDER

PESQUERA, District Judge.

Pursuant to an order filed and entered on August 26, 1974, the Court took under advisement issues numbered 1, 3 and 4 in the Statement of the Contested Issues of Fact and of Law to decide the same on the basis of the documentary evidence submitted with the proposed Pretrial Order filed and entered on July 10, 1974.

The Court has considered said issues and documentary evidence and the stipulation or Statement of Uncontested Facts ("Stipulation") and finds that defendants cannot be held liable for the damages claimed by plaintiff in the complaint. Said damages were allegedly suffered as a result of defendant's refusal to publish plaintiff's commercial advertisement in defendant's telephone directories for the years 1969–70 and 1970–71.

The question of liability and the three specific issues considered by the Court can be disposed of by deciding issue number 4 of the Statement of the Contested Issues of

Fact and of Law: Are the mutual obligations of the parties separate and distinct with respect to the contract for the rendering of telephone service and to the contract for commercial advertisement in the telephone directories?

 The answer to this issue is yes. It has been decided that publishing advertisements in the classified section (yellow pages) of a telephone directory is not a public service but a matter of private contract between a subscriber and a telephone company. *University Hills v. Mountain States*, 554 P.2d 723 (Colo.App.1976); *Classified Directory Subscribers Ass'n. v. Public Service Commission of D.C.*, 127 U.S.App. D.C. 315, 383 F.2d 510 (1967); *McTighe v. New England Telephone & Telegraph Co.*, 216 F.2d 26 (2d Cir. 1954); *Mitchell v. Southwestern Bell Telephone Co.*, 298 S.W.2d 520 (Mo.App.1957). The rendering of telephone service is such a public service and not a matter of strictly private contract. Cf. *Rovira Palés v. Puerto Rico Telephone Company*, 96 PRR 47 (1968).

The evidence submitted by the parties confirm the separateness between the contract for rendering telephone service and the contract for commercial advertisement in the telephone directory. Exhibit 2 of the Proposed Pretrial Order is a copy of an Opinion and Order of April 28, 1970 in Case No. Q-2595 where the Puerto Rico Public Service Commission (PSC) decided that commercial advertisements in the defendant's telephone directory are not directly related nor essential to the rendering of telephone service contemplated by Puerto Rico's Public Service Act.

The parties accept, at Stipulation number 17, that telephone subscribers sign a contract with the Puerto Rico Telephone Co. for the rendering of telephone service when they become subscribers and the same does not provide for the inclusion of commercial advertisements in the telephone directory. A separate contract is signed to place said advertisements. Exhibits 12 to 15 of the Pretrial Order are such separate contracts.

Moreover, in its order in Case No. Q-2595 the PSC specifically warned the Puerto Rico Telephone Co. it could not refuse or discontinue service to plaintiff by reason of or because of problems with plaintiff's advertisements in the classified section.

The result of this order was that noncompliance by plaintiff under its contract for advertisement in the classified section of the telephone directory could not be used to justify discontinuance of telephone service to plaintiff. On the other hand, it is logical to say that noncompliance by the Puerto Rico Telephone Co. under its contract for telephone service cannot be used by plaintiff to justify noncompliance with its contract for advertisement in the directory.

Plaintiff's own actions reinforce these conclusions. On March 14, 1969 plaintiff filed a complaint before the PSC (Case No. Q-2517) alleging deficient telephone service and damages suffered because of said service. On July 10, 1969 plaintiff filed a separate complaint before the PSC (Case No. Q-2595) alleging refusal by the defendant Puerto Rico Telephone Co. to accept plaintiff's advertisements in the telephone directories.

The former complaint was decided in favor of plaintiff and was awarded $2,500.00 in damages, Exhibit 1 of the Proposed Pretrial Order. Thus, plaintiff has been satisfied for damages caused by deficient telephone service. However, the evidence presented by the parties shows that plaintiff also demanded that defendants deduct 50% of the invoice for advertisement in the telephone directory for the year 1968–69, Exhibit 4 of the Proposed Pretrial Order, and refused to pay for commercial advertisements published in the 1968–69 telephone directory on the grounds that telephone service rendered by defendant to plaintiff during 1968–69 was deficient—Exhibits 9, 10 and 11.

 This takes us to issue numbered one in the Statement of the Contested Issues of Fact and of Law: Is defendant liable for damages suffered by plaintiff as a result of defendant's refusal to publish plaintiff's commercial advertisements in the telephone directories for the years 1969–70 and 1970–

71 due to plaintiff's refusal to pay for commercial advertisements published in the 1968–69 telephone directories which plaintiff refused to pay on the grounds that telephone service rendered by defendant to plaintiff during 1968–69 was deficient?

This issue must be decided against plaintiff. The Puerto Rico Public Service Commission (PSC) authorized on September 10, 1965 a Schedule of Rates and charges together with general provisions applicable to services provided by the Puerto Rico Telephone Company. General Provisions Number 4 and 7 state that if any applicant for service is in debt to the Telephone Company because of lack of payment of a bill for services previously provided, the Company may refuse new service until said debt is paid. P.R. PSC Sheet No. D–4–2, D–7–1.

In *Denham v. Southwestern Bell Tel. Co.*, 415 F.Supp. 530 (D.C.1976), the Court stated that plaintiff had breached his contract by not paying for telephone service at a hotel he owned and defendant had the right to suspend telephone service at said hotel. Furthermore, defendant had the right to consider suspension of plaintiff's other business telephone service at his optometrist's office.

The rights of defendant in the present case to refuse advertisement service for lack of payment is even stronger because said service is a private relationship not covered by the public service law as we saw above.

Defendants were entitled to refuse to publish plaintiff's commercial advertisements in the telephone directories for the years 1969–70 and 1970–71 due to plaintiff's refusal to pay for advertisements published in the 1968–69 directory. We have already decided that advertising in the directory is merely a private contract and as such one of the parties can unilaterally refuse to enter into said contract with the other party. In this case defendants had a justified reason for the refusal: nonpayment. Furthermore, as we have seen, the General Provisions approved by the PSC authorize the Telephone Company to refuse new service until a previous debt is paid.

We have also seen that plaintiff's reason for nonpayment was not justified or legally binding on defendants. Deficient telephone service does not provide a justification for noncompliance with the commercial advertisements contract. The separateness of the contracts, the public nature of one and the private nature of the other have been stated above. Plaintiff's remedy for deficient service was available before the PSC, plaintiff exercised its right to such remedy and it was granted its remedy. Exhibit 1 of the Proposed Pretrial Order. This brings us to Issue Number 3: Is plaintiff enjoined from claiming damages from defendant in this case as a result of damages *already awarded* to plaintiff by the Public Service Commission in Case No. Q–2517?

Because the complaint in this case does not allege or claim damages in relation with deficient service, the decision by the PSC in Case No. Q–2517 does not enjoin plaintiff from claiming damages in this case, which damages are claimed only in relation with the denial by defendants of insertion of an advertisement in defendants' telephone directories for the years 1969–70 and 1970–71.

However, resolution of the two previous issues makes this decision irrelevant for purposes of determining defendants' liability under the allegations of the complaint. There is no liability from defendants because plaintiff had no right to its advertisement being published in the 1969–70, 1970–71 directories until plaintiff paid for amounts due under the previous 1968–69 contract for commercial advertisements in the classified section of the telephone directory.

It is therefore ORDERED, ADJUDGED and DECREED that the complaint be, and the same is hereby dismissed. The Clerk of the Court shall enter judgment accordingly.