**Harold A. GARVER and Julia D. Garver,
d/b/a Garver Driver Training School**

v.

**NEW ENGLAND TELEPHONE AND
TELEGRAPH COMPANY.**

Civ. A. No. 76–219.

United States District Court,
D. New Hampshire.

Dec. 1, 1977.

James D. O'Neill, Laconia, N.H., for plaintiff.

McLane, Graf, Greene, Raulerson & Middleton by Stephen E. Borofsky, Manchester, N.H., for defendant.

## MEMORANDUM AND ORDER

FREEDMAN, District Judge.*

This case is before the court[1] on the defendant's motions for dismissal and summary judgment.[2] The plaintiffs are Harold and Julia Garver doing business as the Garver Driver Training School in Laconia, New Hampshire. The defendant is the New England Telephone and Telegraph Company which publishes a business telephone directory known as the Yellow Pages. The plaintiffs contend that they are business subscribers of the defendant's telephone services and seek damages for the defendant's removal of the name of the Garver Driver Training School from the Yellow Pages without the plaintiffs' permission or knowledge and without observing proper procedural safeguards. The plaintiffs' complaint contains three counts,[3] only the first

---

* Hon. Frank H. Freedman of the United States District Court for the District of Massachusetts, sitting by designation pursuant to 28 U.S.C. § 292(b).

1. The action was originally brought in New Hampshire state court but was removed to federal court by the defendant on the basis of federal diversity jurisdiction.

2. I was assigned to hear this case after the Hon. Hugh H. Bownes, the then United States District Judge for the District of New Hampshire, removed himself. Counsel for the plaintiffs contends he never received notice of either my assignment to the case or the hearing scheduled on May 31, 1977. The plaintiffs'

counsel was therefore not present on May 31 and has requested a rehearing. I conclude that such a hearing is not necessary since, under Rule 11 of the Local Rules of the New Hampshire District Court, a hearing is discretionary with the court and I do not believe that the absence of the plaintiffs' counsel at the May 31 hearing was in any way prejudicial to the plaintiffs. The plaintiffs were given the opportunity to subsequently submit a memorandum to this court and did so.

3. Plaintiffs have sought to amend the original two-count complaint by the addition of a third count, sounding in tort, alleging that the defendant negligently failed to take action against

two of which are involved in the present motion. Count One, sounding in assumpsit, alleges that the telephone company failed to perform its contractual duty to list the plaintiffs' business in the Yellow Pages. Count Two of the complaint, sounding in tort, alleges that the telephone company negligently failed to perform the agreement to list the Garver business in the Yellow Pages.

In reaching its decision, the court has considered, in addition to the complaint and answer, the affidavits submitted by both counsel. The defendant's motion will therefore be treated solely as one for summary judgment under Fed.R.Civ.P. Rule 56. In order to grant summary judgment, the court must determine that there is no genuine issue as to any material fact. The court will consider the defendant's motion separately with regard to Count One and to Count Two.

■ The defendant moves for summary judgment on Count One on the basis that the agreement to list the Garver business in the Yellow Pages is unenforceable because it was not supported by consideration and because it falls within the Statute of Frauds. I disagree with both contentions. The "common definition of 'consideration' . . . is . . . in substance 'a detriment incurred by the promise or a benefit received by the promisor in exchange for the promise.'" *Frye v. Hubbell*, 74 N.H. 358, 373, 68 A. 325, 332 (1907). The defendant argues that it provides its business customers with a listing in the Yellow Pages free of charge as a public service and that a business subscriber pays the same rate whether he elects or declines to be listed in the Yellow Pages. According to the defendant, the telephone company does not bargain for, nor require, anything in exchange for listing the business subscriber in the Yellow Pages. The plaintiffs, however, maintain that the benefit to telephone subscribers in obtaining a business telephone as opposed to a private residential telephone is the hope of attracting customers in large volume through the Yellow Page listings. Without the expectation of such a benefit, the plaintiffs contend they would not have subscribed to the business telephone service. Determination of the nature of the difference, if any, in telephone service to private and business subscribers is an important factual issue which must be resolved in order to determine whether the agreement to list a business in the Yellow Pages was supported by consideration. It may, of course, turn out that no such difference in service exists or that the Garvers were eligible for only one type of service. However these issues remain for trial. Consequently, the court must presently deny the defendant's motion for summary judgment on the ground that the agreement was unsupported by consideration since genuine issues of material fact exist.

The defendant also argues that the oral agreement to list the Garver business in the Yellow Pages falls within the New Hampshire Statute of Frauds since the agreement was not capable of being performed within one year. New Hampshire's Statute of Frauds, RSA 506:2, provides in pertinent part:

> No action shall be brought . . . upon any agreement . . . that is not to be performed within one year from the time of making it, unless such promise or agreement, or some note or memorandum thereof, is in writing and signed by the party to be charged, or by some person by him thereto authorized.

It is apparently undisputed that the defendant contacted Mrs. Garver by telephone on April 2, 1974 to see if the Garvers wanted their business to be listed in the Yellow Pages for the period July 1974 to July 1975. The parties orally agreed upon such a listing on that date. There has never been any written agreement to this effect. Tele-

the abusive, deceptive, and disruptive telephone calls received by the plaintiffs from 1971 to June, 1974. The plaintiffs allege they notified the defendant of these calls, but the defendant failed to take "saving action on behalf of its subscriber." The defendant has objected to the amendment or moved in the alternative for a more definitive statement. The court has not yet ruled on the amendment to the complaint.

phone company records indicate that on April 19, 1974, the day directory advertising closed for the Laconia directory, a "Mr. Garver of the Garver Driver Training School" contacted the telephone company and requested that the free Yellow Pages listing be cancelled from the Laconia directory for the July 1974 edition "because the Garver Driver Training School was going out of business." The defendant contends that the oral agreement to list the Garver School in the Laconia Yellow Pages cannot be performed "within a year from the time of [its] inception," *Davis v. Grimes,* 87 N.H. 133, 135, 175 A. 238, 240 (1934), since the agreement was actually made on April 2, 1974 and the period of performance was to continue until July, 1975. The defendant points out that the Laconia Yellow Pages were published and distributed initially in July, 1974, and were continuously distributed until July, 1975, when a new directory was published and distributed. If the agreement between the parties was for a listing in the Yellow Pages *and* for distribution of the Yellow Pages, the period of time necessary for performance would then be more than a year—from April 2, 1974 until July, 1975. However, if the agreement between the parties was merely to provide the plaintiffs' business with a listing in the Yellow Pages, the contract could be performed within a year since performance would have been completed by July, 1974,[4] when the publication of the directory was completed.

The court cannot conclude, as a matter of law, that the agreement between the parties was for a listing in the Yellow Pages *and* subsequent continual distribution of the directory containing the listing. Thus, the court cannot determine at this point whether or not the contract in question could be performed within one year. The defendant's motion for summary judgment on Count One, based on the Statute of Frauds, must therefore be denied.

 The defendant moves for summary judgment on Count Two on the ground that

this count fails to state a cause of action. The defendant correctly notes that under New Hampshire law "no action may be maintained in tort for negligent failure to perform a contract." *Mooney v. State Farm Insurance Companies,* 344 F.Supp. 697, 700 (D.N.H.1972), citing *Barrett v. New England Telephone & Telegraph Company,* 80 N.H. 354, 117 A. 264 (1922). The defendant's motion is therefore granted as to Count Two.

For the foregoing reasons, the defendant's motion for summary judgment is denied with regard to Count One and granted with regard to Count Two.

It is so ordered.

---

**4.** The complaint merely alleges that "the defendant in return for the plaintiff making what is known as a business listing agreed to list the said plaintiff in such yellow pages."