Mark L. EDWARDS, d/b/a Associated
Realty of New England, Ltd.

v.

NEW ENGLAND TELEPHONE AND
TELEGRAPH COMPANY.

Civ. A. No. 78–3015–Z.

United States District Court,
D. Massachusetts.

Aug. 8, 1979.

Robert W. Huffhines, Jr., Boston, Mass.,
for plaintiff.

Robert J. Flynn, Boston, Mass., for defendant.

## MEMORANDUM OF DECISION

ZOBEL, District Judge.

Plaintiff claims breach of contract for defendant's failure to list his business in its 1978 telephone directory. The case is before this court on defendant's motion to dismiss and upon plaintiff's motion for summary judgment.[1]

---

1. As directed by Rule 12(c) Federal Rules of Civil Procedure (FRCP), since the court has received affidavits and discovery from both parties, defendant's motion to dismiss will be treated as a motion for summary judgment pursuant to Rule 56 FRCP. See Rule 12(c) FRCP.

Because there remain genuine issues of material fact, neither party is entitled to judgment as a matter of law. The motions of both parties are denied.

In its motion for dismissal, defendant argues that plaintiff's claim fails to satisfy jurisdictional requirements set forth in 28 U.S.C. § 1331. The defendant presents two objections to jurisdiction: first, that there is no diversity of citizenship, and second, that the matter in controversy does not, as a matter of law, exceed the sum of $10,000.

■ The first objection is unavailing. Plaintiff is a citizen of New Hampshire. His business is not incorporated, and he is the sole owner. His citizenship in New Hampshire conclusively determines citizenship within the scope of 28 U.S.C. § 1331. *R. H. Bouligny, Inc. v. United Steelworkers of America*, 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965); *Denver & R. G. W. R. Co. v. Brotherhood of R. Train.*, 387 U.S. 556, 559, 87 S.Ct. 1746, 18 L.Ed.2d 954 (1967). Since defendant is a Massachusetts corporation, the parties' citizenship satisfies the diversity requirement of 28 U.S.C. § 1331.

In its second objection to this court's jurisdiction, the defendant argues that the amount in controversy does not exceed $10,000, the jurisdictional minimum of 28 U.S.C. § 1331. Defendant argues both that plaintiff fails to aver such facts as would support a finding in excess of $10,000, and that defendant's liability is limited by company tariffs to one-half of plaintiff's paid service charges for the period of incorrect listing, in this case $119.16. These contentions are also unavailing.

"The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated is not claimed 'in good faith'." *Horton v. Liberty Mutual Insurance Co.*, 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961), citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1937). See also 1 Moore's Federal Practice 846, nn. 6 & 7, and cases cited there.

■ In his complaint, plaintiff alleges business losses far in excess of $10,000. He supports his allegations with affidavits and copies of business records. Defendant does not allege bad faith in plaintiff's allegation, and none appears. Plaintiff has clearly satisfied the pleading requirements for 28 U.S.C. § 1331.[2] Defendant's objection, thus, does not stand.

The defendant's second objection reaches an issue central to this case: to what extent does the contract between the parties limit plaintiff's recovery of damages? Defendant argues that its tariff limits recovery for incorrect listings to one-half of the service charges for the period of the incorrect listing. In this case, that amount is far below the jurisdictional minimum. Defendant relies upon *McTighe v. New England Telephone and Telegraph Company*, 216 F.2d 26 (2nd Cir. 1954), in which the Second Circuit treated a very similar claim under what appears to be the same New England Telephone and Telegraph Co. tariff.

The tariff, however, does not apply to "charged listings". Memorandum of Law

2. Defendant further asserts, however, that its challenges to plaintiff's evidence of the amount in controversy entitle it to summary judgment. Defendant seeks support in *KVOS, Inc. v. Associated Press*, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183 (1936), in which the Court determined that "where the allegations as to the amount in controversy are challenged by the defendant in an appropriate manner, the plaintiff must support them by competent proof." 299 U.S. at 278, 57 S.Ct. at 200–201, citing *McNutt v. General Motors Acceptance Corporation*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

*KVOS, Inc. v. Associated Press, supra,* does not require that the issue of damages be resolved at the pleading stage. It does not call for a final adjudication of facts. It demands only that a plaintiff offer evidence to substantiate an otherwise unsupported allegation of jurisdictional amount when the defendant makes an appropriate objection to a bare allegation.

Plaintiff in the instant case does not rely merely upon his allegation that the amount in controversy exceeds the jurisdictional minimum. He has attempted to substantiate his estimates with records and affidavits. Whether his efforts succeed in proof is, of course, not for the Court to determine on this motion.

in Opposition of Plaintiff's Motion for Summary Judgment at 2; Affidavit of Katherine Cohan, at 1. *McTighe* determined that while the tariff applied to the alphabetical listing ("white pages"), "publication of the classified directory ["yellow pages"] . . is wholly a matter of private contract . ." 216 F.2d at 27.

The *McTighe* distinction between alphabetical and commercial listings has been adopted in decisions of other courts, including one district court in this circuit. See *Modern Equipment Corp. v. Puerto Rico Telephone Co.*, 440 F.Supp. 1242 (D.P.R. 1977); See also *Classified Directory Subscribers Ass'n v. Public Service Commission of District of Columbia*, 127 U.S.App.D.C. 315, 383 F.2d 510 (D.C. Cir. 1967). Another district court in this circuit denied this defendant's motion for summary judgment against a similar claim without reference to the tariff. *Garver v. New England Telephone and Telegraph Co.*, 443 F.Supp. 610 (D.N.H.1977). In *Garver* the Court determined that certain claims arising from an omitted yellow pages listing could not be determined without reference to the contract terms for the listing.

■ Similarly, defendants in the instant case are not entitled to judgment as a matter of law. Plaintiff's claims arise from a contract whose terms are disputed. Limitation of liability also involves disputed questions of fact. Defendant's equivocal response to a discovery question about the existence of a contract (Defendants' Answer to Interrogatories Propounded by the Plaintiff, Interrogatory No. 8, at 2–3) precludes an authoritative determination of a critical issue of fact. Thus, the terms of the contract between the parties and the applicability of defendant's tariff remain at issue. Defendant's motion for summary judgment is, accordingly, denied.

In support of his motion for summary judgment, plaintiff argues that the defendant concedes liability, and that only the question of damages remains. Defendant, however, clearly disputes liability with respect to one of plaintiff's claims. Memorandum of Law in Opposition to Plaintiff's

Motion for Summary Judgment, at 6. Furthermore, the disputed contract terms preclude a finding at this time that the contract was, or was not, in fact, performed. Accordingly, the plaintiff's motion for summary judgment is also denied.