Peter **JAMES** et al., **Plaintiffs,**

v.

**DALEY AND LEWIS** et al., **Defendants.**

Civ. A. No. 75–381.

United States District Court, D. Delaware.

Jan. 7, 1976.

Peter James, pro se.

Jack B. Jacobs and James B. Tyler, III, Young, Conaway, Stargatt & Taylor, Wilmington, Del., for defendants.

## MEMORANDUM OPINION

LATCHUM, Chief Judge.

In this case the plaintiffs seek to recover compensatory and punitive damages against the defendants for alleged malpractice. The complaint alleges that the defendants, Delaware attorneys who represented the plaintiffs, prepared and approved offering circulars for the sale of corporate stock and approved media advertisements related thereto which contained misleading information and omitted material information. Because of these errors of commission and omission by the attorneys, it is alleged that the Securities and Exchange Commission brought suit against them which resulted in effectively barring the plaintiffs from selling stock in Delaware to plaintiffs' great damage. (Docket Item 1, pars.

13–14). The complaint further alleges that jurisdiction exists by virtue of 28 U.S.C. § 1332, that the plaintiffs, VIP Phone of Delaware, Inc. and Magfilm, Inc., are Delaware corporations, and that plaintiff Delaware Securities is a division of National Enterprises, Inc., a corporation of the District of Columbia. (Docket Item 1, pars. 2–5, 9). With respect to the defendants, the complaint simply alleges that defendant Daley & Lewis practice law in the State of Delaware and that defendants Lewis and Amick are Delaware "residents." (Docket Item 1, pars. 7 and 8). The complaint contains no allegation of the citizenship of plaintiff James who appears *pro se* (Docket Item 1) although James has filed a paper in opposition to defendants' motion to dismiss which states that he is a citizen of Maryland and that he is entitled to represent the corporate plaintiffs in this action because he has a sworn power of attorney[1] from them authorizing him to act in their place and stead. (Docket Item 5, par. 1; Docket Item 9, Ex. 2).

Currently before the Court are (1) defendants' motion under Rule 12(b)(1), F.R.Civ.P., to dismiss the complaint for lack of subject matter jurisdiction on the ground that complete diversity is lacking as required by 28 U.S.C. § 1332(a)(1) between all the plaintiffs and all the defendants (Docket Item 3), and (2) plaintiff James' motion, under 28 U.S.C. §§ 1404(a) and 1406(a), for a change of venue to the United States District Court for the District of Columbia. (Docket Item 6).

At this early stage of the case, the Court is required to look to the "face of the complaint" to resolve defendants' jurisdictional objection. From this, it is obvious the complaint is defective because it fails to allege the citizenship of the defendants and the citizenship of the plaintiff James as required by 28 U.S.C. § 1332. *L. D. Reeder Contractors of Arizona v. Higgins Industries, Inc.*, 265 F.2d 768, 770 (C.A.9, 1959). Alleging residence is not sufficient because citizenship and residency are not synonymous. *Freedman v. Zurich Ins. Co.*, 264 F.Supp. 550 (W.D.Pa.1967). The complaint's jurisdictional allegations of diversity are also insufficient with respect to the corporate plaintiffs without an allegation as to their state of incorporation as well as to the state in which each has its principal place of business. *Veeck v. Commodity Enterprises, Inc.*, 487 F.2d 423, 426 (C.A.9, 1973); *Delome v. Union Barge Line Company*, 444 F.2d 225, 233 (C.A.5, 1971), *cert. denied*, 404 U.S. 995, 92 S.Ct. 534, 30 L.Ed.2d 547 (1971). However, the defects may, with the Court's permission, be cured by amendment to the complaint. 28 U.S.C. § 1653. Accordingly, the Court will permit the plaintiffs leave to amend in order to comply with the jurisdictional requirements of 28 U.S.C. § 1332(a)(1).

For diversity purposes a corporation may have dual citizenship, its state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332(c). The instant complaint expressly alleges that two corporate plaintiffs—VIP Phone of Delaware, Inc. and Magfilm, Inc.—are Delaware corporations.[2] (Docket Item 1, pars. 4 and 5). Thus, if it were assumed that all the defendants who are alleged to be Dela-

---

[1] The power of attorney, dated December 16, 1975, running to plaintiff James was executed on behalf of all the corporate plaintiffs by plaintiff James as their President. (Docket Item 9, Ex. 2).

[2] While the complaint alleges that Delaware Securities is a division of National Enterprises, Inc., a District of Columbia corporation, the Court has noticed that documents filed by plaintiff James at oral argument indicate that Delaware Securities became a separate company incorporated in Delaware on February 14, 1973 and may still have been such at the date the complaint was filed. (See Docket Item 9, Ex. 1, par. 8; affidavit Alan M. Levit, par. 11, attached to Ex. 1). Of course, if Delaware Securities was a Delaware corporation or if it was a division of National Enterprises, Inc., which did business at its principal office in Delaware in underwriting securities sold only to Delaware residents (See Docket Item 9, Ex. 3, pp. 1 and 19; Docket Item 9, Ex. 4, pp. 1 and 19), it could suffer the same fate as the other Delaware corporate plaintiffs.

ware residents are also Delaware citizens and this is reflected in any amendment to the complaint, complete diversity between all the plaintiffs and all the defendants as required by § 1332, *Strawbridge v. Curtiss*, 3 Cranch (7 U.S.) 267, 2 L.Ed. 435 (1806), would not exist at least with respect to the Delaware corporate plaintiffs. Therefore the Court would lack subject matter jurisdiction and accordingly would have to dismiss the claims of the Delaware corporate plaintiffs. Rule 12(h)(3), F.R.Civ.P.

At oral argument defendants argued that if the two Delaware corporations were dismissed from the case, there would be an absence of indispensable parties which would necessitate the dismissal of the entire complaint under Rule 19(b), F.R.Civ.P. On the other hand, plaintiff James at oral argument requested the Court to drop the two Delaware corporate plaintiffs under Rule 21, F.R.Civ.P., if their presence as plaintiffs would destroy the Court's jurisdiction. However, the Court is unable on the present record to determine whether the Delaware corporate plaintiffs are indispensable parties. The determination of these oral motions of the parties will have to await further development of the record[3] if an amended complaint is filed.

 A further defect appears in the record. Title 28 U.S.C. § 1654 provides:

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by rules of such courts, respectively, are permitted to manage and conduct causes therein."

There is no doubt that under the above statute the plaintiff James may represent himself with respect to his individual civil claim. *Collins v. O'Brien*, 93 U.S. App.D.C. 152, 208 F.2d 44 (1953), *cert. denied*, 347 U.S. 944, 74 S.Ct. 640, 98 L.Ed. 1092, *reh. denied*, 347 U.S. 970, 74 S.Ct. 776, 98 L.Ed. 1111 (1954). And it is equally well settled that under the above statute a corporation may not appear and represent itself in proper person or by its president or officers but only by an attorney admitted to practice law. *United States v. 9.19 Acres of Land*, 416 F.2d 1244 (C.A.6, 1969); *Shapiro, Bernstein & Co. v. Continental Record Co.*, 386 F.2d 426 (C.A.2, 1967); *Simbraw, Inc. v. United States*, 367 F.2d 373 (C.A.3, 1966); *Flora Construction Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413 (C.A.10, 1962), *cert. denied*, 371 U.S. 950, 83 S.Ct. 505, 9 L.Ed.2d 499 (1963), *reh. denied*, 373 U.S. 919, 83 S.Ct. 1296, 10 L.Ed.2d 419 (1963); *MacNeil v. Hearst Corporation*, 160 F.Supp. 157 (D.Del. 1958). An opportunity will be given to the corporate plaintiffs to obtain counsel.

 Plaintiffs' motion for a change of venue under 28 U.S.C. § 1404(a) is based essentially on three grounds (1) due to adverse publicity, plaintiff will not be able to receive a fair trial in this district, (2) even after "substantial effort,"[4] plaintiffs have been unable to retain local counsel to represent them, and (3) a majority of plaintiffs' witnesses reside or work in the District of Columbia. (Docket Item 6). At the outset it should be noted since all defendants reside in Delaware, venue here was proper under 28 U.S.C. § 1391(a). Even though the plaintiffs initially chose this forum, it is clear that a plaintiff can move for a change of venue. *Pruess v. Udall*, 123 U.S.App.D.C. 301, 359 F.2d 615 (1965); *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 784 (C.A.6, 1961), *cert. denied*, 366 U.S. 948, 81 S.Ct. 1903, 6 L.Ed.2d 1242 (1961). However, before a court will grant a plaintiff's motion for a change of venue, he must first show a change in circumstances since the filing of his suit. *Harry Rich Corp. v. Curtiss-Wright Corp.*, 308 F.Supp. 1114, 1118 (S.D.N.Y.

---

**3.** The Court notes from the papers filed of record further clarification of other issues is essential, *e. g.* (1) for which corporate plaintiff did defendants prepare and approve offering circulars and advertisements, (2) did the defendants represent plaintiff James individually, (3) when and how did Delaware Securities cease being a Delaware corporation.

**4.** While James has stated a "substantial effort" was made to obtain counsel, the showing is inadequate for lack of details. (Docket Item 6, par. 2).

1969). None of plaintiffs' reasons for transfer has arisen since the inception of this suit, and, therefore, the motion for change of venue under § 1404(a) will be denied.

Furthermore, a balancing of the convenience of the parties and the interests of justice has convinced the Court that a change of venue is unwarranted. It apparently has been more than two years since the adverse publicity abated, and the Court has concluded that plaintiffs can obtain a fair and impartial jury. Although broad hints about a conspiracy of Delaware lawyers who refuse to assist victims of attorney malpractice have been set forth, the reasons for plaintiffs' inability to retain local attorneys and the scope of their effort to retain local attorneys are not clear. Plaintiffs' claim that a "majority" of their witnesses will have to travel to Wilmington from the District of Columbia fails to indicate how many individuals are within this category. Also, it is possible that they will have witnesses from Delaware. Finally, travel between Wilmington and the District of Columbia is not overly burdensome.

On the other hand, defendants' presumed reasons for seeking to defend themselves in this district are persuasive. Briefly, the defendants reside and practice law in Delaware, and it is likely that most of their witnesses reside in Delaware. The scheme which eventually led to this litigation was undertaken in Delaware and the corporate stock was sold only to Delawareans. Preparation and approval of the offering circulars and advertisements apparently took place in Wilmington. Thus, it is clear that transfer to the District of Columbia would impose substantial burdens on defendants. In sum, plaintiffs have failed to carry their burden that a change of venue is necessary.[5] *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (C.A.3, 1970), *cert. denied*, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971).

 Plaintiffs also seem to suggest that this Court should transfer the cases of the two Delaware corporate plaintiffs to the District of Columbia. Since it appears that this Court at present lacks subject matter jurisdiction over the claims brought by the two plaintiff Delaware corporations, it has no power to transfer these cases under 28 U.S.C. § 1404(a) which relates solely to venue. *Atlantic Ship Rigging Co. v. McLellan*, 288 F.2d 589, 591 (C.A.3, 1961); *Raese v. Kelly*, 59 F.R.D. 612 (N.D.W.Va.1973).

Finally, since venue in this district is appropriate, plaintiffs' motion based on 28 U.S.C. § 1406(a), which is designed to correct defective venue, will also be denied.

An order will be entered in accordance with this opinion.

---

5. The Court refrains from deciding if this action "might have been brought" in the District of Columbia.