CORDIS CORPORATION, a Florida
corporation, Plaintiff,

v.

SIEMENS–PACESETTER, INC., Patrick Kennedy, Wayne Cook, Bruce Stafford, Walter Garman, and Robert Hutchinson, Defendants.

No. 87–0398–CIV.

United States District Court,
S.D. Florida,
Miami Division.

Dec. 14, 1987.

Lowell L. Garrett, Gary A. Dumas and James A. Gale, Morgan, Lewis & Bockius, Miami, Fla., for plaintiff.

Jay M. Levy, Hershoff and Levy, P.A., Miami, Fla., for defendants.

## ORDER ON MOTION TO TRANSFER

HOEVELER, District Judge.

THIS CAUSE came for consideration upon a Motion by Plaintiff, Cordis, to transfer this action to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a). This action is pending on Cordis' amended complaint against Defendants, Siemens–Pacesetter, Inc., Walter Garman, Patrick Kennedy, and Bruce Stafford, for Defendants' alleged violations of employment covenants not to compete against Plaintiff and not to disclose or misappropriate Plaintiff's confidential information and trade secrets.

■ Prior to the filing of this Motion to Transfer, Plaintiff voluntarily dismissed Wayne Cook and Robert Hutchinson as defendants pursuant to Fed.R.Civ.P. 41. Defendants contend that voluntary dismissal is ineffective to dismiss these individuals since, they contend, Fed.R.Civ.P. 41 contemplates only dismissal of an entire controversy. *Harvey Aluminum, Inc. v. American Cyanamid Company*, 203 F.2d 105 (2nd Cir.1953), *cert. denied*, 345 U.S. 364, 73 S.Ct. 949, 97 L.Ed. 1383 (1953); *Philip Carey Manufacturing Company v. Taylor*, 286 F.2d 782 (6th Cir.1961), *cert. denied*, 366 U.S. 948, 81 S.Ct. 1903, 6 L.Ed.2d 1242 (1961). While that may be the rule in the Second and Sixth Circuits, that position is contrary to binding law in the Eleventh Circuit. *Plains Growers, Inc., Fl. M.I. Co. v. Ickes–Braun Glasshouses, Inc.*, 474 F.2d 250 (5th Cir.1973); *Oswald v. Scripto, Inc.*, 616 F.2d 191 (5th Cir.1980). Under the rules governing dismissal by notice under Fed.R.Civ.P. 41 and dismissal by motion under Fed.R.Civ.P. 21, dismissal against such of defendants as have not served an answer or motion for summary judgment is permitted even though the case might remain pending against other defendants. *Plains Growers*, 474 F.2d at 255. Accordingly, Defendants Hutchinson and Cook were properly dismissed from this action by Plaintiff's notice under Fed.R.Civ.P. 41.

There are two requirements Plaintiff must meet to succeed in its Motion to Transfer under 28 U.S.C. § 1404. First, the cause can only be transferred to another district where the action might have been brought. Second, the transfer must be warranted on grounds of convenience and interests of justice *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); *Windmere Corporation v. Remington Products, Inc.*, 617 F.Supp. 8 (S.D.Fla.1985).

Defendants contend that because this action could not have been brought against Hutchinson in California, the Central District of California is not a district where this action "might have been brought," and, therefore, this Court is without authority to transfer the case as it now stands. Defendants rely on *Hoffman v. Blaski*, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed. 2d 1254 (1960) for support of their position. This court finds Defendants reliance on *Hoffman* is misplaced.

■ *Hoffman v. Blaski*, supra, involved two cases in which defendants, over which the transferee courts did not have *in personam* jurisdiction, consented to transfers and waived objections to venue. The United States Supreme Court held that the power to transfer actions could not be predicated upon the consent of defendants, but must depend on the transferee court being a forum where the suit might have been brought independently of the wishes of defendants. *Id.* In determining whether to transfer venue, a district court is not required to confine its venue consideration as to the facts as they existed at the time of the complaint. *In Re Fine Paper Antitrust Litigation*, 685 F.2d 810 (3d Cir. 1982). Thus, the fact that this action could

not have originally been brought against Hutchinson in California is irrelevant since Hutchinson is not now a party to the action. *See In Re Fine Paper Antitrust Litigation,* supra; *Wyndham Associates v. Bintliff,* 398 F.2d 614 (2nd Cir.1968); *cert. denied,* 393 U.S. 977, 89 S.Ct. 444, 21 L.Ed.2d 438 (1968); *Hess Oil Virgin Islands Corp. v. UOP, Inc.,* 447 F.Supp. 381 (N.D.Okla.1978). The only question for this court is whether, at the present time, the Central District of California is a district where this action might have been brought as to all defendants now before the court. This question being affirmatively answered, the court holds that Plaintiff has satisfied the first requirement for transfer of venue under 28 U.S.C. § 1404.

■ The second requirement for transfer under 28 U.S.C. § 1404 is that the transfer must be for the convenience of the parties and witnesses, and in the interest of justice. The factors to be considered in determining the balance of convenience are: convenience of the parties; convenience of the witnesses; relative ease of access to sources of proof; availability of process to compel the presence of unwilling witnesses; and, public interest considerations. *Gulf Oil Corporation v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Windmere Corporation v. Remington Products, Inc.,* supra. In this case, the burden is on Plaintiff to establish the statutory factors for transfer to the Central District of California are present *CES Publishing Corporation v. Dealerscope, Inc.,* 544 F.Supp. 656 (E.D.Pa.1982).

■ With respect to the convenience of the parties, the Central District of California is clearly a more convenient forum than the Southern District of Florida. Of the thirteen employees who accepted employment with Pacesetter, allegedly in violation of their employment covenants with Cordis, seven reside in California and five are parties to litigation with Cordis in the Central District of California. Moreover, three of the defendants in this case, Garman, Kennedy and Stafford, are also parties in an action to invalidate their respective employment covenants in the Central District of California.

With respect to the convenience of the witnesses and the availability of process to compel their testimony, the Central District of California is clearly a more convenient forum than the Southern District of Florida. Defendants themselves admit "all of the witnesses, whose testimony will be material and necessary on behalf of the Defendant, and all of the persons who witnessed the occurrence as alleged by Plaintiff, with the exception of one, reside in the State of California" (p. 2 Defendant Pacesetter's Motion to Transfer). Moreover, a regional sales director for Pacesetter, Nicholas Rutsis, has stated in an affidavit to this court that all decisions made by Pacesetter concerning the hiring and firing of salesmen are made at the Pacesetter's corporate headquarters in California (p. 2 Affidavit of Nicholas Rutsis). Since the injuries set forth in the complaint occurred in California and the persons who witnessed the occurrences alleged by Plaintiff are in California, the Central District of California is clearly a more convenient forum than the Southern District of Florida both in terms of convenience of the witnesses and the availability of process to compel their appearance.

Finally, it is in the interest of justice to transfer this action to the Central District of California. Because four related litigations involving these defendants and others are pending in the Central District of California, transfer of this case to California will result in more efficient pre-trial discovery, savings of time and money with respect to pre-trial and trial proceedings involving witnesses, avoidance of duplicative litigation, and avoidance of inconsistent results. *Schneider v. Sears,* 265 F.Supp. 257, 266–67 (S.D.N.Y.1967).

Defendants argue that in cases where a plaintiff seeks transfer of venue under 28 U.S.C. § 1404, the plaintiff must show a change of circumstances since the time the original action was filed such that would support transfer. Defendants further contend that in the absence of a change of circumstances subsequent to the filing of

this action, Plaintiff's Motion to Transfer cannot be granted under 28 U.S.C. § 1404. In support of this position, Defendants cite *James v. Daley & Lewis*, 406 F.Supp. 645 (D.Del.1976); *Ziegler v. Dart Industries, Inc.*, 383 F.Supp. 362 (D.Del.1974); *Roberts Brothers, Inc. v. Kurtz Bros.*, 231 F.Supp. 163 (D.N.J.1964); *Harry Rich Corporation v. Curtiss–Wright Corporation*, 308 F.Supp. 1114 (S.D.N.Y.1969); *Philip Carey Manufacturing Company v. Taylor*, 286 F.2d 782 (6th Cir.1961). Of the cases cited by Defendants for the proposition that a change of circumstances is required when a plaintiff seeks transfer under 28 U.S.C. § 1404, only *James* and *Harry Rich* stand for this proposition and the authority upon which *James* and *Harry Rich* rely upon for their holding is misplaced. *James v. Daley & Lewis*, supra, cites *Harry Rich*, supra, and *Harry Rich* cites *Roberts Brothers* for support in holding that before a court will grant plaintiff's motion for a change in venue, plaintiff must first show a change in circumstances since the filing of his suit. *James*, 406 F.Supp. at 648; *Harry Rich*, 308 F.Supp. at 1118. However, *Roberts Brothers* makes no such holding. In *Roberts Brothers*, the court determined that transfer was not proper because it would not further the convenience of the parties and witnesses nor in the interest of justice; and, only after making that determination, as required under 28 U.S.C. § 1404, did the court make a passing reference regarding the absence of changed circumstances in that case. *Roberts Brothers*, 231 F.Supp. at 167. This is not to say that a court should not consider the existence or absence of changed circumstances in deciding whether transfer of venue is appropriate under 28 U.S.C. § 1404. However, we hold that there is no requirement under 28 U.S.C. § 1404 that a plaintiff seeking transfer of venue must show a change of circumstances since the time the original action.

Because Plaintiff has clearly met its burden of establishing that the Central District of California is a place where the action might have been brought, and that transfer both convenient and in the interest of justice, it is

ORDERED AND ADJUDGED that Plaintiff's Motion to Transfer this action to the Central District of California be GRANTED.