**BURGER KING CORPORATION, Plaintiff,**

v.

**J.T. THOMAS and Larry Brown, Defendants.**

**No. 90–1110–Civ.**

United States District Court, S.D. Florida.

Jan. 28, 1991.

T. Joan Lawrence, Miami, Fla., for plaintiff.

Alan S. Fine, Miami, Fla., Richard B. Tucker, III, Pittsburgh, Pa., for defendants.

## ORDER DENYING MOTION TO DISMISS FOR IMPROPER VENUE OR, ALTERNATIVELY, TO TRANSFER

ARONOVITZ, District Judge.

THIS CAUSE is before the Court on Defendants' motion to dismiss for improper venue or, alternatively, to transfer.

Plaintiff, Burger King Corporation ("BK"), initiated this action against Defendants J.T. Thomas ("Thomas") and Larry Brown ("Brown") on May 8, 1990. Prior to Defendants' filing of a responsive pleading to the original Complaint, Burger King filed an Amended Complaint.

On May 30, 1984 BK entered into a Burger King Restaurant Franchise Agreement and a Lease/Sublease Agreement with the Defendants whereby the Defendants were granted a franchise to operate a Burger King restaurant and to use Burger King's trademarks. The restaurant is located at

**1028**

Route 30 Plaza, Route 30, North Versailles, Allegheny County, Pennsylvania.

BK alleges that the Defendants have defaulted under the Franchise Agreement and the Sublease Agreement. BK's Amended Complaint has eight counts:

I. Breach of Franchise Agreement Lease Agreement and Investment Spending Agreement

II. Breach of Promissory note

III. Breach of Contract

IV. Open account

V. Violation of Section 32 of Lanham Act

VI. Violation of Section 43 of Lanham Act

VII. common law unfair competition and trademark infringement

VIII. injunction against use of BK trademarks, service marks, tradenames and signs

The Defendants subsequently filed a Motion to Dismiss for Improper Venue or, Alternatively, to Transfer.

Since jurisdiction in this matter is based upon the Lanham Trademark Act, as well as diversity of citizenship, venue is controlled by 28 U.S.C. Section 1391(b) which states:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

Defendants argue that Burger King's cause of action is primarily an action for trademark violations. Defendants note that any trademark infringement activity on their part has taken place in Pennsylvania, the situs of the subject restaurant. Therefore, Defendants conclude that Plaintiff's claim arose in Pennsylvania, that venue is proper in Pennsylvania, and that the case should be dismissed, or alternatively transferred.

Plaintiff argues that this is primarily a breach of contract action. Defendants made payments to BK's headquarters in Miami. When payments became delinquent, the various contracts were allegedly breached by Defendants in Miami. Thus, Plaintiff contends that the claim arose in Miami and venue is proper in the Southern District of Florida.

*Motion to Dismiss*

Defendants seek to dismiss this action alleging that venue is not proper in the Southern District of Florida. Unlike personal jurisdiction issues, which primarily concern the extent of a court's power over the parties and the fairness of requiring a party to defend itself in a foreign forum, venue primarily addresses the convenience of the forum. *Leroy v. Great Western United Corp.*, 443 U.S. 173, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979).

When jurisdiction is not founded solely on diversity, the narrower venue statute, 28 U.S.C. Section 1391(b) governs whether venue is proper. 28 U.S.C. Section 1391(b); 15 C. Wright, A. Miller, E. Cooper, *Federal Practice and Procedure*, Section 3804 (1986).

Section 1391(b) provides that venue is proper in the district where all the defendants reside, or in which the claim arose. Since the Defendants both reside in Pennsylvania, venue can only be proper in this district if the claim arose in this district. Because the Defendants have raised the defense of improper venue, the Plaintiff bears the burden of proving that venue is proper in the Southern District of Florida. *Hodson v. A.H. Robins Co., Inc.*, 528 F.Supp. 809, 812 (E.D.Va.1981).

"[T]he determination of where 'the claim arose' for purposes of federal venue under Section 1391 is a federal question whose answer depends on federal law." *Leroy*, 99 S.Ct. at 2716 n. 15. Although "a 'claim' under federal law is generally defined as 'the aggregate of operative facts which give rise to a right enforceable in the courts[,]'" *Davis v. Costa-Gavras*, 580 F.Supp. 1082, 1088 (S.D.N.Y.1984) (citation omitted), "where the claim arose" has not been generally defined. Instead, the courts have applied various tests. This Court elects to follow the "weight of the contacts" test, which establishes venue in

the district where the contacts with the claim weigh most heavily. *Delong Equipment Co. v. Washington Mills Abrasive,* 840 F.2d 843, 855 (11th Cir.1988).

■ The Court notes that the "where the claim arose" language in § 1391(b) implies that there is one, and only one, judicial district in which the claim arises. This disregards the possibility of multiple claims against a party. When multiple claims are pled, venue must be proper for each claim. *Beattie v. United States,* 756 F.2d 91, 100 (D.C.Cir.1984). However, as one commentator has explained, the focus is on the word separate. 1 J. Moore, *Moore's Federal Practice,* Section 0.142[3] (2d ed. 1984). Professor Moore notes that, whether the case involves a federal and nonfederal claim, or two federal claims, if they amount to only one cause of action with two grounds for relief, proper venue as to one federal ground will support adjudication on both grounds. *Id.* at Section 0.140[5]. (emphasis added)

Therefore, prior to applying the "weight of the contacts" test, this Court must determine if venue is proper in this district for all claims made by the Plaintiff.

The instant action primarily involves two claims: 1. breach of contract, and 2. trademark infringement. Defendants' motion to dismiss for improper venue must fail if those two claims amount to one cause of action, and venue is proper as to that cause of action. The Court will address each claim in turn.

### Breach of Contract Claim

■ In breach of contract actions, courts consider the following factors when determining whether a claim arose in a particular district: (1) where payments were to be made under the contract, (2) where the contract was to be performed, (3) where negotiations occurred, and (4) where the contract was executed. *American Carpet Mills v. Gunny Corp.,* 649 F.2d 1056, 1059 (5th Cir.Unit B 1981).

■ The predominant factor considered by the courts is where payments were made under the contract. Indeed, federal courts generally hold that failure to make payments in a particular district pursuant to a contract constitutes a breach of contract and is, therefore, determinative of where "the claim arose." *Burger King Corp. v. Daniel and Tavares,* No. 89-2725–CIV–Kehoe Slip op. (May 22, 1990) (failure to make payments pursuant to franchise agreement, lease agreement and promissory note constitutes a breach of contract occurring in Florida).

■ In the instant case the Defendants were required to send payments under the Franchise Agreement, Lease Agreement and Note to Miami, Florida, where BK's headquarters is located. Defendants' failure to make such payments would constitute a breach of contract arising in this district. Accordingly, the Court finds that Plaintiff's claim for breach of contract arose in the Southern District of Florida, and therefore, venue is proper in this district for that claim.[1]

### Trademark Infringement Claim

■ Generally, a cause of action for trademark infringement arises where the infringing activities take place. *See Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant,* 760 F.2d 312, 315–317 (D.C.Cir. 1985). In this case it is clear that any alleged trademark infringement activities on the part of the Defendants have taken place in Pennsylvania. The subject restaurant is in Pennsylvania. All sales to the general public have taken place in Pennsylvania. Anyone who may have witnessed trademark infringement activity on the part of the Defendants, likely would have done so in Pennsylvania.

### Where is Venue Proper?

■ It appears that venue is proper in Southern District of Florida for the breach of contract claim, and in Western District of Pennsylvania for the trademark infringement claim. However, the Court

---

**1.** It should also be noted that all of Plaintiff's witnesses and documentary evidence, related to the breach of contract claim, are located in this district.

finds that, for all practical purposes, the two claims are so intertwined that they amount to one cause of action. The Court further finds that the breach of contract claim is the Plaintiff's predominant or chief cause of action.

In the instant case the Plaintiff must prevail on the breach of contract claim before the trademark infringement claim can be reached. Plaintiff alleges that the Defendants are liable for trademark infringement as a result of the alleged breach of contract. Successful prosecution of the trademark infringement claim is, in fact, dependent upon Plaintiff proving the breach of contract claim. Thus, Plaintiff has essentially pled one cause of action with two grounds for relief.

This Court finds that Plaintiff's cause of action is primarily one for breach of contract arising in this district, that Plaintiff's trademark infringement claim derives from the breach of contract claim, and that venue is proper in this district for the breach of contract claim. Accordingly, based on the foregoing and application of the "weight of the contacts" test, this Court concludes that venue is proper in this district for all claims made by the Plaintiff.

### Motion to Transfer

■ Defendants have asked this Court, in the alternative, to transfer this matter to the Western District of Pennsylvania pursuant to 28 U.S.C. Section 1404(a). Section 1404(a) applies where an action has been brought in a permissible but inconvenient forum. *See Roofing & Sheet Metal Services, Inc. v. LaQuinta Motor Inns, Inc.*, 689 F.2d 982, 992 n. 16 (11th Cir.1982).

■ Burger King's choice of forum will not be disturbed unless Defendants make a clear and convincing showing that venue should be changed. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). To determine whether such a showing has been made, the court must consider a number of factors, including the convenience of the parties and witnesses, the ease of access to evidence, the availability of process to compel the presence of unwilling witnesses, and the public

interest. *Gulf Oil*, 330 U.S. at 507, 67 S.Ct. at 842, 91 L.Ed. 1055; *Cordis Corp. v. Siemens–Pacesetter, Inc.*, 682 F.Supp. 1200, 1202 (S.D.Fla.1987).

### Convenience of the Parties

Plaintiff, which is a Florida corporation headquartered in Miami, filed this suit in the Southern District of Florida. Defendants desire to transfer venue to the Western District of Pennsylvania—where the subject restaurant is located. Defendants argue that they would be greatly inconvenienced if required to travel to Florida to defend this suit. However, this Court finds that Defendants' inconvenience in defending the suit in Florida, would be no greater than the inconvenience caused the Plaintiff were this action transferred to Pennsylvania. Thus, transfer of venue in this case is improper since it would merely shift inconvenience from defendant to plaintiff, resulting in an equitable standoff. *B.J. McAdams, Inc. v. Boggs*, 426 F.Supp. 1091, 1105 (E.D.Pa.1977).

### Ease of Access to Evidence

As an additional reason for transfer, Defendants claim that their business records are all located in Pennsylvania, and that transporting these documents to this district for trial would be burdensome. However, Defendants ignore the fact that nearly all of the evidence necessary for Plaintiff to prove its case is located in this district. Moreover, most of the Plaintiff's potential witnesses reside in Miami. These witnesses are officers, management and accounting personnel of Plaintiff who are familiar with the facts surrounding the subject franchise agreement. This Court concludes that the bulk of the evidence necessary for the trial of this matter is accessible in this district.

### Availability of Process to Compel Unwilling Witnesses

The third factor the court must consider, in connection with transfer of this case, is the availability of process to compel the presence of unwilling witnesses. Most of Plaintiff's potential witnesses are BK em-

ployees who reside in Miami. Most of Defendants' potential witnesses are employees of the Defendants. Defendants fail to identify any non-party witnesses who would be unwilling to appear in trial in this district. Thus, the Court concludes this factor does not support Defendants' request to transfer venue.

### Public Interest Considerations

 Finally, this Court will take into account the public interest considerations connected with transferring this case. Defendants argue that the disparity between the financial resources of the parties justifies transferring this matter to the Western District of Pennsylvania. This is merely another "shifting of inconvenience" argument. Furthermore, Defendant discounts the existence of the franchise agreement entered into by the parties.[2] The presence of a contractual clause selecting the choice of law for disputes arising under a contract is a significant factor in determining whether a change of venue is required. *Security Savings Bank, SLA v. Green Tree Acceptance, Inc.*, 703 F.Supp. 350, 353 (D.N.J.1989). This Court concludes that public interest considerations do not support transferring this matter to the Western District of Pennsylvania.

### Conclusion

In consideration of the foregoing and the Court being otherwise fully advised in the premises, it is hereby

ORDERED and ADJUDGED that the Defendants' motion to dismiss for improper venue is DENIED. The Court concludes, applying the "weight of contacts" test, that Plaintiff's claim arose in Miami and venue is proper in the Southern District of Florida. Furthermore, Defendants have not made a clear and convincing showing that this matter should be transferred to the Western District of Pennsylvania. Accordingly, it is further

ORDERED and ADJUDGED that Defendants' alternative motion to transfer is DENIED.

DONE and ORDERED.

---

**2.** That agreement contains a choice of law clause stating that the agreement is "governed and construed under and in accordance with the laws of the state of Florida."