**CENTRAL HUDSON GAS AND ELECTRIC CORP.**

v.

**EMPRESA NAVIERA SANTA S.A.**

**Civ. A. No. 90–3988.**

United States District Court,
E.D. Louisiana.

Feb. 14, 1991.

G. Edward Merritt, Terriberry, Carroll & Yancey, New Orleans, La., for plaintiff.

Christopher O. Davis, Brian D. Wallace, New Orleans, La., for defendant.

## ORDER AND REASONS

MENTZ, District Judge.

The court has before it two motions in the above case. The plaintiff has filed a motion to transfer pursuant to 28 U.S.C. section 1404(a). The defendant has filed a motion to dismiss and vacate attachment. Although the defendant's motion was filed first, the court will consider the plaintiff's motion to transfer first.

Central Hudson Gas and Electric Corp. (Central Hudson) is a New York corporation that provides electrical service to customers in New York state. On January 16, 1988, a pipeline owned by Central Hudson

was destroyed by the LUNAMAR II. The removal and replacement of the pipeline cost Central Hudson $4,275,123. Central Hudson filed suit in the Southern District of New York against the LUNAMAR II in rem and her registered owner, Seiriki One (Panama) S.A. The bareboat charterer of the LUNAMAR II, Empresa Naviera Santa S.A. (Empresa), was not made a party to the suit.

The action in New York was tried between July and August of 1990. On October 3, 1990, the plaintiff filed suit in the Eastern District of Louisiana. The M/V SANTA ROSA DE LIMA,, owned by Empresa, was arrested pursuant to Supplemental Admiralty Rule B. Empresa's underwriters, in an effort not to delay the vessel's departure from New Orleans, agreed to issue a letter of undertaking in favor of Central Hudson for $3,500,000. On October 4, 1990, Central Hudson filed an identical suit against Empresa in the Southern District of New York. Central Hudson now moves this court to transfer the action filed in Louisiana to the Southern District of New York.

■ Title 28, section 1404(a) of the United States Code states that a court may transfer any action to another district where it originally may have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. section 1404(a). It has been widely held that a plaintiff is entitled to seek a transfer to another forum under section 1404(a). *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir.1986) and cases cited therein. The defendant acknowledges the plaintiff's right to seek a transfer but argues that such a transfer must be denied unless the plaintiff can point to a change in circumstances. *See James v. Daley & Lewis*, 406 F.Supp. 645, 648–49 (D.Del.1976).

■ This court disagrees with the defendant that the plaintiff must show a change in circumstances. The court is unwilling to force parties to proceed in a forum that is inconvenient for all and that does not best serve the interests of justice simply because the plaintiff filed suit in that forum first. A motion to transfer filed by the plaintiff will be treated under the same standard as if the motion had been filed by the defendant. The plaintiff must bear the burden of proving that it is more convenient for the parties or the witnesses and that it is in the interests of justice to transfer the action to another forum.

As the plaintiff points out, the accident at issue occurred in New York state. The majority of the witnesses live in New York or within the subpoena power of the New York court. The only connection to Louisiana and this forum is that an asset of the defendant's was temporarily located and attached in this district.

The plaintiff contends that it is in the parties convenience for the litigation to proceed in New York because the accident occurred in New York and the plaintiff's offices are in New York. Because the defendant is a foreign corporation, the plaintiff contends that it would not be any more convenient for the defendant to litigate in Louisiana.

In order to demonstrate that the convenience of the witnesses requires a transfer, the moving party must indicate the witnesses who would be inconvenienced and the topic of their testimony. The court finds that the plaintiff has adequately described the witnesses who will be inconvenienced by having to testify in Louisiana. Five or six of plaintiff's witnesses who will testify as to the damage suffered by the plaintiff reside in New York; Central Hudson's expert resides in New York; and the contractors who will testify as to the replacement of the damaged pipeline reside in New York or are within the subpoena power of the New York court. None are from Louisiana.

Although on its own the convenience of the witnesses and parties may not be enough to warrant a transfer, the court finds that it is in the interests of justice for this action to be transferred to New York. Most importantly, an action based on the same factors was previously tried before Judge Broderick in the Southern District of New York. Judge Broderick is familiar with the facts and circumstances surround-

ing the incident. Also important is the pending suit in New York; the court is desirous of reducing multiplicity of litigation.

Furthermore, sources of proof, for example, books and records of the contractors who worked on replacing the pipeline, are by and large located in New York. Although such things can be photocopied, time and expense may be spared if the documents are more easily available. Because viewing the site of the accident may be necessary, this factor also militates in favor of granting the plaintiff's motion to transfer.

Because the court has decided that the convenience of the parties and witnesses, and the interests of justice, require transfer under section 1404(a), the court will not address the defendant's motion to dismiss. The motion to dismiss is more properly dealt with by the judge who will be presiding over the litigation.

Accordingly,

IT IS ORDERED that the plaintiff's motion to transfer be GRANTED and this action be transferred to the United States District Court for the Southern District of New York. The defendant's motion to dismiss will be denied without prejudice as moot. The hearing scheduled for February 6, 1991 was CANCELED.