Katherine B. COWAN, Plaintiff,

v.

TRICOLOR, INC., a Delaware corporation, Defendant.

Civ. A. No. 94–77–JLL.

United States District Court, D. Delaware.

Nov. 23, 1994.

Katherine B. Cowan, pro se plaintiff.

Melvyn A. Woloshin and Scott L. Silar of Woloshin, Tenenbaum & Natalie, P.A., Wilmington, DE, for defendant.

## MEMORANDUM OPINION

LATCHUM, Senior District Judge.

### I. Introduction

On February 23, 1994, the plaintiff, Ms. Katherine B. Cowan, filed a *pro se* complaint against defendant, Tricolor, Inc. ("Tricolor"), alleging non-payment of overtime wages in violation of various sections of the Fair Labor Standards Act ("FLSA").[1] (Docket Item ["D.I."] 1.) Ms. Cowan asserts that from July 26, 1992 until November 29, 1993 when she was terminated from her employment with Tricolor as an office manager, she did not receive any overtime compensation whenever she worked in excess of forty hours per week. (D.I. 14 at 12.)[2] Mr. Robert H. Nelson, President of Tricolor, filed a motion on March 24, 1994, on behalf of Tricolor, requesting the plaintiff to specify exact relief and requesting permission from the Court to represent Tricolor in this action. On March 30, 1994, another judge of this Court denied Mr. Nelson's request to represent Tricolor in this action. (D.I. 2.) Ms. Cowan filed a motion for entry of default and a default judgment as to liability on May 13, 1994, after defendant failed to properly answer or otherwise defend this action. (D.I. 8.) In response to the parties' motions, this Court on May 17, 1994, issued an order which, finding that Mr. Nelson's motion was improperly filed because a corporation may not appear and represent itself in proper person or by its president or officers but only by an attorney admitted in this Court to practice law, 28 U.S.C. § 1654; *James v. Daley & Lewis*, 406 F.Supp. 645, 648 (D.Del.1976),

denied Mr. Nelson's motion seeking specification of the exact relief demanded and entered default and a default judgment as to liability in favor of the plaintiff. (D.I. 9.) On May 26, 1994, the defendant, now with the assistance of counsel, made a motion to vacate the entry of default and the default judgment. (D.I. 10.) On June 13, 1994, this Court entered an Order with an Opinion vacating the entry of default and default judgment. (D.I. 15, 16.) Subsequently, the defendant filed a motion for summary judgment. (D.I. 20.) This Opinion will discuss the merits of this motion.

### II. Discussion

Summary judgment may be granted if the pleadings and other evidence show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

Ms. Cowan argues that pursuant to the FLSA she is entitled to overtime pay. Under the FLSA, 29 U.S.C. § 207(a), certain employees are entitled to overtime compensation, at the rate of one and one-half times the regular rate, for time worked in excess of forty hours per week. Exempt from the overtime provisions of the FLSA is any "employee employed in a bona fide executive, administrative, or professional capacity." *Id.* § 213(a)(1). Tricolor contends that Ms. Cowan is exempt from the act pursuant to § 213 because she was an "administrative employee."

What constitutes being employed in an "administrative capacity" is further defined in regulations promulgated by the Department of Labor. 29 C.F.R. §§ 541.2, 541.201—541.215 (1993). Pursuant to the regulations there are five criteria which define an "administrative employee" as one whose:

(a) ... primary duty consists of ...:

(1) The performance of office or non-manual work directly related to management policies or general business opera-

---

1. 29 U.S.C. §§ 201 *et seq.* (1988).

2. The payment of overtime wages during the time period prior to July 26, 1992 is not in dispute. (D.I. 19, interrogatory ["I."] 42.)

tions of his employer or his employer's customers, ... and

(b) Who customarily and regularly exercises discretion and independent judgment; and

(c)(1) Who regularly and directly assists a proprietor, or an employee employed in a bona fide executive or administrative capacity (as such terms are defined in the regulations of this subpart), and

(d) Who does not devote more than ... 40 percent ... of his hours worked in the workweek to activities which are not directly and closely related to the performance of the work described in paragraphs (a) through (c) of this section; and

(e)(1) Who is compensated for his services on a salary or fee basis at a rate of not less than $155 per week....

*Id.* § 541.2(a)–(e).

■ This Court takes as its starting point that exemptions from the FLSA are to be narrowly construed against the employer. *Mitchell v. Kentucky Finance Co.*, 359 U.S. 290, 295, 79 S.Ct. 756, 759, 3 L.Ed.2d 815 (1959). In addition, the burden of proof is on the employer to establish an exemption. *See Idaho Sheet Metal Works, Inc. v. Wirtz*, 383 U.S. 190, 86 S.Ct. 737, 15 L.Ed.2d 694 (1966).

■ In her answering brief, Ms. Cowan does not respond to Tricolor's contention that she is exempt as an administrative employee and instead directs the Court's attention to 29 C.F.R. 776.10(b) (1993) in an effort to demonstrate that she is covered under the Act. (D.I. 23.) This Court accepts Ms. Cowan's argument that her overtime pay eligibility is governed by the Act, however, a consequence of such coverage is that she is also covered by the Act's exemptions.

This Court is able to determine Ms. Cowan's status as an administrative employee based on the undisputed facts presented to this Court, and as a result there are no genuine issues of material fact in dispute. Prior to the filing of Tricolor's motion for summary judgment, Ms. Cowan was presented with written interrogatories. (D.I. 19.) Ms. Cowan responded to some of these interrogatories. (*Id.*) Based upon Ms. Cowan's answers and the applicable criteria in the

Code of Federal Regulations this Court is able to determine Ms. Cowan's status under the FLSA as a matter of law.

In response to interrogatory 27 Ms. Cowan described her primary duty of employment as "supervising incoming work, directing it to proper depts & prioritizing projects to be completed in a timely fashion." (D.I. 19, I. 27.) Ms. Cowan further describes her work as involving office work 100% of the time. (*Id.*, I. 28–29.) Ms. Cowan answered the following question "did your work with the Defendant relate to general business operations of your employer or employer's customers during your employment period with the Defendant?" in the affirmative. (*Id.*, I. 31.) Ms. Cowan further acknowledged that she regularly and directly assisted her supervisor, which she identified as Mr. Nelson, the owner of Tricolor, in his supervisory capacity and that she exercised discretion in the performance of all her duties. (*Id.*, I. 32–33.) Ms. Cowan admits that she exercised independent judgment in the performance of her duties, specifically that she "advis[ed] customers how to acheive [sic] the photographic effect they wanted." (*Id.*, I. 34.) Ms. Cowan also states that 5% of her work consisted of manual labor, specifically, "unloading wrapping packages & some receivables." (*Id.*, I. 35.)

Ms. Cowan's duties are more verbosely described in a reference letter written by Mr. Nelson on behalf of Ms. Cowan shortly after her termination. The reference letter was attached both to the appendix for Tricolor's opening brief, (D.I. 22), and Ms. Cowan's answering brief. (D.I. 23.) The relevant portion of the letter reads:

Katherine Cowan was employed by Tricolor, Inc. from 11 May 1992 until 29 November 1993. Katherines' [sic] primary activity was Office Manager, which included writing orders, making quotations, preparing invoices, customer relations and supervising another employee engaged in similar activities. When the General Manager was not present Katherine was responsible to open the facility in the morning and close and set the security alarm at night. She also handled UPS and Federal Express shipments to out of state customers

in a timely manner. Katherine handled a busy 2–line phone system, made collection calls when necessary and inventoried and ordered office supplies and some production materials.

Our business involves customized sevices [sic] to professional photographers and corporate accounts on a made-to-order basis and Katherine demonstrated particular ability maintaining rapport and negotiating the delivery schedules for our clients.

Katherine assumed a concern for quality control and exercised very competent judgement based on her previous photographic training and experience."

(D.I. 23.).

Ms. Cowan therefore through the interrogatories and the letter attached to her answering brief admits that 100% of her work was office work as more fully described in the reference letter, and thus that her primary duty consisted of the performance of office work directly related to the general business operations of her employer, that she customarily and regularly exercises discretion and independent judgment, that she regularly and directly assists the owner of the business and that she does not devote more than 40% of her hours worked in the workweek to activities which are not directly and closely related to the above. Ms. Cowan has through the interrogatories and the reference letter attached to her answering brief admitted the above facts and as such this Court can find as a matter of law that Ms. Cowan satisfies the first four requirements for an "administrative employee" as set out in 29 C.F.R. § 541.2(a)–(d). Ms. Cowan only disputes her pay during the time she was put on salary. After July 27, 1992, Ms. Cowan was placed on salary earning $923 biweekly, her salary subsequently was raised to $1000 biweekly and remained at that level until she was terminated from Tricolor. These pay levels are well in excess of those required by 29 C.F.R. § 541.2(e)(1). Because Ms. Cowan has admitted through the interrogatories and the reference letter attached to her answering brief that she meets all five criteria enumerated in the definition of administrative employee found in the regulations she is exempt from the FLSA pursuant to § 213(a)(1) thereof. This Court will therefore enter an order forthwith granting Tricolor's motion for summary judgment.