**Catherine H. MEGNA, Representing Sarah A. Megna, Plaintiff,**

v.

**U.S. DEPARTMENT OF THE NAVY and Northrop–Grumman Corporation, Defendant.**

**No. 04 CV 0035(ADS)(MLO).**

United States District Court, E.D. New York.

May 8, 2004.

Catherine H. Megna, Bellmore, NY, Plaintiff Pro Se.

No Appearances for Defendant U.S. Department of the Navy and Defendant Northrop–Grumman Corporation.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Catherine H. Megna ("Catherine M.") commenced this action on behalf of her sister, Sarah A. Megna ("Sarah M."), for illnesses alleged to be related to Sarah's employment at Northrop Grumman Corporation. For the reasons set forth below, the complaint is dismissed without prejudice.

### I. BACKGROUND

Catherine M. filed a complaint on behalf of her sister, Sarah M., on a sample complaint form provided by the Clerk's Office. She provides no facts. Rather, Catherine M. apparently attaches several exhibits to her complaint. The first exhibit is a January 24, 2001 letter to Catherine M. from Lorraine Benton, a Public Health Representative at the New York State Bureau of Environmental and Occupational Epidemology. In this letter, Benton explains the origins of kidney cancer. It appears that Catherine M. believes that her sister, who has been diagnosed with a kidney disorder, became ill due to her employment at Grumman Aircraft Facility.

The second exhibit is a copy of a January 2, 2004 letter from Catherine M. to United States District Judge Thomas C. Platt under *Megna v. Sullivan,* 91 CV 3315. In this second exhibit, Catherine M. asserts that Northrop Grumman breached a duty of care under federal and state laws in violation of various federal environmental regulations. Simply stated, Catherine M. asserts that the defendant Northrop

Grumman is responsible for her sister Sarah M.'s kidney cancer. In the third exhibit, a June 11, 2003 document, Sarah M. grants power of attorney to Catherine M.

Catherine M. seeks "$250,000 or what justice allows" based upon defendants "[b]reach of federal and state environmental law (serious injury)" and "[d]eadly contamination violations."

## II. DISCUSSION

### A. Standard of Review

It is well-settled that the Court is required to read the plaintiff's *pro se* complaint liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The Court is further required to liberally construe a *pro se* plaintiff's papers " 'to raise the strongest arguments that they suggest.' " *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir.1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). Moreover, at this stage of the proceedings, the Court assumes the truth of the allegations in the complaint. *See H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989); *Koppel v. 4987 Corp.*, 167 F.3d 125, 127 (2d Cir.1999). Notwithstanding these liberal standards, all complaints, including *pro se* complaints, are required to contain at least "some minimum level of factual support for their claims." *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 887 (2d Cir.1987).

### B. Catherine M.'s Representation of Sarah M.

■ Catherine M. states in the caption of her complaint that she is "representing Sarah A. Megna." However, she provides no facts that indicate that she is an attorney. Although New York General Obligations Law § 5–1502H authorizes an agent holding a sufficient power of attorney "[t]o assert and prosecute before any court ... any cause of action ... which the principal has, or claims to have, against any individual," that statute only permits the agent to hire on behalf of her principal, *see e.g., In re Khoubesserian*, 264 A.D.2d 599, 600, 695 N.Y.S.2d 312, 314 (2d Dep't 1999), *leave to appeal denied*, 94 N.Y.2d 757, 704 N.Y.S.2d 532, 725 N.E.2d 1094 (1999), not to commence an action *pro se* in the name of her principal.

■ The Court further finds that Catherine M.'s representation of her sister violates federal law. As a general matter, "because *pro se* means to appear for one's self, a person may not appear on other's cause." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir.1998). Federal courts have rejected the notion that an agent with power of attorney may appear *pro se* on behalf of the principal. *See Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir.1997); *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir.1978) *(per curiam)*; *Moody v. Smith*, 105 B.R. 368, 369–70 (S.D.Tex.1989); *James v. Daley & Lewis*, 406 F.Supp. 645, 647–48 (D.Del.1976). In such cases, courts have discretionary power regarding disposition of the case. First, courts can dismiss the action. *See Johns*, 114 F.3d. at 876; *Weber*, 570 F.2d at 514. Second, courts can dismiss the action without prejudice to the right of the principal to secure an attorney. *See James*, 406 F.Supp. at 647–48. Finally, courts can order the documents filed by the agent stricken, together with an injunction forbidding further representation by the agent. *See Moody*, 105 B.R. at 373–75.

In this case, Catherine M.'s representation of her sister in this forum violates both state and federal law. Because Sarah M. has not appeared to prosecute this action in person, even assuming there are grounds for a federal court action, and

because *no* person authorized by law to appear on her behalf has done so, the Court dismisses this action without prejudice to the right of Sarah M., or her attorney to reinstate it in another proceeding.

## III. CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED**, that the Court *sua sponte* dismisses the complaint without prejudice; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case.