**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

KIM E. AYVAZIAN
MASTER IN CHANCERY

CHANCERY COURTHOUSE
34 The Circle
GEORGETOWN, DELAWARE 19947
AND
NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19980-3734

February 22, 2016

Andrea C. Beck
260 Golden Plover Drive
Smyrna, DE 19977

Brian Thomas McNelis, Esquire
Young & McNelis
300 South State Street
Dover, DE 19901

RE:   Andrea C. Beck v. John A. Greim c/o Bombay Woods Maintenance Corp.
       C.A. No. 10223-MA

Dear Counsel and Ms. Beck:

Pending before me is Plaintiff Andrea Beck's *pro se* Motion for Contempt to Enforce a Court Order and Respondent John A. Greim's response to the motion. In his response, Greim also requests an office conference to review Ms. Beck's pending requests and subpoenas to clarify their relevance to any claims Ms. Beck make or may not be making.

According to her complaint filed on October 19, 2014,[1] Ms. Beck is seeking a cease and desist order under 11 *Del. C.* § 2308 to stop alleged harassment and hate crimes by Respondent against her, and to enforce the deed restrictions, by-laws, and the certificate of incorporation of the Bombay Woods Maintenance Corporation (hereinafter "the Corporation") in the community known as Bombay Woods in Smyrna, Delaware. After I approved her application to proceed *in forma pauperis*,[2] Ms. Beck began requesting numerous records subpoenas to be issued.[3] After Respondent objected to a subpoena for accounting records, tax records, and insurance records of the Corporation, Ms. Beck filed her pending motion.

In response to Respondent's request for an office conference, Ms. Beck submitted a letter summarizing the issues she wanted to be considered during the conference, and stating the reasons for her subpoenas and for seeking equitable relief from this Court. As stated in her letter dated October 26, 2015,[4] Ms. Beck is seeking records:

> to support my claim in this case, in that: Mr. Greim and Appointees are responsible for the damages of this corporation in their breach of fiduciary duties and mismanagement of the corporation, violating the members. And, the personal violations toward the plaintiff in hate campaigns, (and slander), Mr. Greim and Appointees have and continue to conduct.

Ms Beck further stated that her intent is:

---

[1] Docket Item ("DI") 1.
[2] DI 34.
[3] DI 36, 37, 42, 43.

to uphold the true legal parameters of Bombay Woods Maintenance Corporations' [sic] Charter and its purpose of operations, while protecting all members of any costs affiliated with this legal action, due to numerous violations by Mr. Greim and Appointees. And I am holding these individuals personally responsible for their decisions and actions.[5]

Ms. Beck initially certified her complaint as a deed restriction case under 10 *Del. C.* § 348.[6] As this litigation has progressed, however, it is clear that this complaint is not a true deed restriction case. Instead, it is a purported derivative action on behalf of the Bombay Woods Maintenance Corporation against the President of its Board of Directors, John A. Greim, for alleged corporate misconduct. According to an exhibit attached to her complaint, Ms. Beck was once a member of the Board of Directors of the Corporation, but was removed by the other two directors, one of whom was Greim.

A corporation may appear in this Court as a party only if represented by competent counsel.[7] Likewise, as a derivative plaintiff seeking to enforce a right of a corporation, Ms. Beck must be represented by counsel.[8] It is now apparent to

---

[4] DI 59.

[5] DI 59.

[6] DI 1.

[7] *Pinnavaia v. J.P. Morgan Chase and Co.,* C.A. No. 11231-ML (VCN) (Del. Ch. Sept. 11, 2015) (citing *Parfi Hldg. AB v. Mirror Image Internet, Inc.,* 2006 WL 903578, at *2 (Del. Ch. Apr. 3, 2006)).

[8] *Id.* (citing *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997); *James v. Daley & Lewis*, 406 F.Supp. 645, 648 (D.Del. 1976)).

me that Ms. Beck can no longer pursue this litigation as a *pro se* party.[9]  Therefore, I am dismissing Ms. Beck's *in forma pauperis* derivative claim and her hate crimes/harassment claims as legally frivolous under 10 *Del. C.* § 8803(b).[10]

I have reviewed the parties' briefs on the exceptions taken to my draft report by Petitioner, Andrea Beck.  I see no reason to change my recommendation.  Therefore, I am adopting my draft report as my final report.  I refer the parties to Rule 144 to for the process of taking exception to a Master's Final Report.

Respectfully,

/s/ Kim E. Ayvazian

Kim E. Ayvazian
Master in Chancery

KEA/kekz

---

[9] Morever, even if she were to retain counsel, Ms. Beck's qualifications and adequacy to serve as a representative of her fellow stockholders would be subject to scrutiny.  *See Pinnavaia*, C.A. No. 11231-ML (VCN), citing Donald J. Wolfe, Jr. and Michael A. Pittenger, *Corporate and Commercial Practice in the Delaware Court of Chancery*, § 9.02[b][1], at 9-22 (2014)).  It is unlikely that Ms. Beck would be considered as someone who could fairly and adequately represent the other members of the community.

[10]*See Pinnavaia*, C.A. No. 11231-ML (VCN).  This Court is a court of limited jurisdiction, and lacks subject matter over criminal matters.